21622. PITTMAN *v.* THE STATE.

DECIDED OCTOBER 7, 1931.

*Reuben A. Garland, Shackelford & Shackelford,* for plaintiff in error.

*John A. Boykin, solicitor-general, John H. Hudson, J. W. Le-Craw,* contra.

LUKE, J. We are constrained to say that the evidence in this case inclines us to the belief that the deceased, while drinking, was a violent man, that he was drinking for several days prior to the homicide, that while under the influence of intoxicating liquors he went to the defendant's office and to the defendant's house with the intention to do violence to the defendant, that he made numerous threats against the defendant, that these threats, as well as the violent disposition of the deceased when drinking, were made known to the defendant, that at the time of the homicide the defendant was attempting to get away from the deceased, that the

deceased advanced towards the defendant, reached his hand in his pocket, and said "God damn you, I have got you now," and that possibly the defendant shot the deceased under the fears of a reasonable man that his life was in danger, and that possibly the act, under the circumstances, constituted justifiable homicide. Yet there was some slight evidence to authorize the jury's finding of voluntary manslaughter, and a careful study of the grounds of the motion for a new trial and of the judge's charge to the jury discloses no reversible error. The judge's charge as a whole was entirely fair to the accused. While we probably would have rendered a different verdict were we sitting as a jury, still, where no error of law is shown and there is some evidence to support the finding of the jury, we have no power under the law to invade the province of the jury or overrule the trial judge, who, fresh from the atmosphere of the trial, sends to us a record in which he endorses the finding of the jury which tried the case in his presence. This is true even in cases where the evidence might be described as weak, unsatisfactory, and doubtful. The motion for a new trial shows no cause for a reversal, and the court did not err in overruling it.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*