## 52324. TURNER v. THE STATE.

QUILLIAN, Judge.

The Houston County Drug Squad received a tip from an undisclosed informant that there would be a sale of marijuana on Highway 96 "around 7:30," on October 25, 1974, and gave the approximate location near a church at the "corner of [Highway] 96 and Moody Road." The parties involved were to be driving a Volkswagen and a Javelin. A Volkswagen was observed entering the area, staying a short time, and then leaving. The VW was followed and when it stopped the police searched the car and in the glove compartment found 16 plastic bags and one larger bag containing what was suspected to be marijuana. The two persons in the Volkswagen, Barry Hayes and Reginold Noles, were arrested and taken to police headquarters. Barry Hayes stated that he had purchased the marijuana from the defendant. An arrest warrant was issued for defendant and when it was served on him at his home it was noted that he had a yellow Javelin. Defendant appeals his conviction. *Held:*

1. Defendant enumerates as error the general grounds and denial of his motion for a new trial by the trial court. The motion for a new trial was based in part on the general grounds. The state used the testimony of Barry and Paul Hayes, brothers, as the principal witnesses against the defendant. They testified that one or two days before October 25, 1974, Barry Hayes had seen defendant and asked him if he could get him "a pound." Defendant said that he could. On October 25, Barry Hayes called defendant and told him to meet him at "the Market Basket" which was located at the intersection of Highway 96 and Moody Road. Paul and Barry Hayes met with the defendant that evening and Paul Hayes entered defendant's yellow Javelin and gave him $165 and received "a pound of marijuana." Paul gave the marijuana to Barry who picked up his friend Reginold Noles, and they drove to the location where they were then observed by the police and later arrested.

Defendant denied that he sold marijuana to the Hayes brothers. He admitted that he saw Barry and Paul Hayes on two different occasions on October 25th, and

both occasions were at the Market Basket on Highway 96 at Moody Road. He had stopped to get gasoline when Barry Hayes asked him: "Where can I buy a pound." His wife was with him and he turned to her. "[S]he knew him," and "I said that if I heard of anybody that had a pound that. . .I'd certainly let him know." On cross examination defendant admitted that he saw Barry Hayes at the Market Basket on the evening of October 25th "about the time that they said they made the purchase." He had left his mother's house around "7:25." Paul Hayes asked him if he was a narcotics agent and defendant said "no." His wife was driving and they left as Paul Hayes left defendant's car and got into a car with another person. Although "his wife was in the car at all times," she did not appear as a witness as she was "living in Missouri. . .out of reach of subpoena powers."

Conflicts in the evidence are to be resolved by the triers of fact and are not issues of law for this court. *Stewart v. State,* 128 Ga. App. 11, 13 (195 SE2d 251). The credibility of the witnesses is a matter for the jury under proper instructions from the trial court, and after a verdict, approved by the trial judge, the evidence must be construed by this court in its light most favorable to the prevailing party. *Bentley v. State,* 131 Ga. App. 425, 427 (205 SE2d 904). The evidence is sufficient to support the verdict.

2. A motion for a new trial was filed with the trial court at the conclusion of the trial based on the general grounds. Approximately four months thereafter, an amended motion for a new trial was filed, based on alleged "new evidence." Three affidavits were attached. The first affidavit, of Laurie Tyler, shows that she was the wife of defendant at the time of these offenses, but prior to the trial she left Georgia and went to Missouri "with her parents." She initiated divorce proceedings, unrelated to the allegations in this case, and it was "impossible" for her to return to Houston County to appear as a witness for the defense. She stated that on the alleged date of this offense she "was in the company of [defendant] when the alleged transaction was supposed to have taken place. . . [and] no transaction took place as alleged in the Indictment... Allegations contained in the Indictment. . .are untrue."

The affidavit of Tracie Hooper shows that she was present "when a sale of substance believed to be marijuana was negotiated between Barry Douglas Hayes and Laurie Turner at approximately 5 o'clock P. M. in Bonaire, Georgia" on October 25, 1974. The affidavit of James Hooper shows that on October 25, 1974 "Laurie T. Turner, met [him]. . .[and asked him] to accompany her for directions to the residence of Barry D. Hayes. . .Laurie Turner drove to the residence of Barry Douglas Hayes. . . They were met by Paul Hayes who directed [them] to a neighboring mobile home approximately 150 yards from the Hayes residence. [He] observed Barry Douglas Hayes come out of said mobile home and purchase what appeared to be a pound of marijuana from Laurie Turner for approximately $160.00. The time. . .was approximately 7:00 P. M."

The requirements for the grant of new trial based on newly discovered evidence are: (1) that the evidence has come to the knowledge of the moving party since the trial; (2) that it was not owing to the want of due diligence that the moving party did not acquire it sooner; (3) that it was so material that it would probably produce a different verdict; and (4) that it is not cumulative only. Code § 70-204; *Walters v. State,* 128 Ga. App. 232, 233 (196 SE2d 326); *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357).

The affidavit of the former wife of the defendant was cumulative to his testimony given at trial. Both stated that they were together when the alleged sale took place. This new evidence, being cumulative, will not suffice as a basis for a new trial. *Vinson v. State,* 127 Ga. App. 607 (3) (194 SE2d 583). Furthermore, the remaining affidavits are in conflict with each other, the affidavit of the former wife, and the testimony of the defendant at trial. Defendant and his former wife say they were together after they left his mother's house at "approximately 7:25" and met Paul Hayes at the Market Basket and that a sale of marijuana did not take place. The affidavit of Tracie Hooper shows that a sale of marijuana did take place between Barry Hayes and Laurie Turner at 5:00 p.m. "in Bonaire, Georgia." The affidavit of James Hooper shows that a sale of marijuana took place between Barry Hayes and Laurie Turner at 7:00 p.m. at his "mobile home." This

evidence may show that Laurie Turner was a busy girl on the afternoon of October 25, 1974, buying one pound of marijuana from *Barry* Hayes at 5:00 p.m. in Bonaire, Georgia, in the presence of Tracie Hooper, and another pound of marijuana from *Barry* Hayes at 7:00 p.m. at his mobile home, in the presence of James Hooper, but it does not negate the sale that *Paul* Hayes and Barry Hayes testified took place at 7:30 p.m. between *Paul* Hayes and defendant at the "Market Basket" when both the defendant and his wife admit that they were in the presence of *Paul* Hayes at that time.

We do not find the evidence to rise to the level required by the test stated in *Walters* and *Bell*. The trial judge did not abuse his discretion in denying the motion for new trial.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Submitted May 24, 1976 — Decided September 9, 1976.

*A. Edwin Pooser, IV*, for appellant.
*Stephen Pace, Jr., District Attorney*, for appellee.