## 59997. HARRIS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for armed robbery. *Held:*

1. The first enumeration is the general grounds. The principal issue was the identity of the defendant as the robber. Its resolution rested on the credibility of several witnesses, some of whom identified defendant as the perpetrator or in possession of part of the stolen property; and others, including the defendant, who raised the defense of alibi.

"The jury is the sole and exclusive judge of the credibility of witnesses, and after verdict, a reviewing court must construe the evidence in favor of the judgment rendered . . . " *Malone v. State,* 142 Ga. App. 47 (1) (234 SE2d 844). " 'While there is considerable evidence in the record to authorize the jury to have found the defendant not guilty . . . the jury in criminal cases is the arbiter of all conflicts, and having resolved such issues against the defendant, and there being evidence to support the verdict, the court did not err in rendering final judgment on the verdict.' [Cit.]" *Walker v. State,* 130 Ga. App. 860, 865 (205 SE2d 49). We find the evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable

doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The remaining enumeration claims the trial court erred in admitting the in-court identification of defendant by witness Doughty because her identification was tainted by impermissibly suggestive pretrial photographic displays. The witness testified that she was sitting in a parked van at the scene of the robbery waiting to use an outdoor telephone booth. She observed a man in the booth for 5 to 7 minutes from a distance of 40 feet, waiting for him to leave so she could use the telephone. After looking away briefly she saw the same man, carrying a gun and a bag, run toward her from the vicinity of the armored car where the robbery occurred and pass within 10 feet of her. In court she identified the defendant as the man she saw. Prior to trial she had been shown two different photographic displays of six pictures of men which other witnesses established as including defendant. She made no identification from the first display. She was unable to identify defendant in the second display although she believed one of two photographs indicated by the detective, one of which was of defendant, resembled the robber. She testified that her identification in court was based on what she had seen at the time of the robbery and was not based on the photographic displays.

Since no identification was made from the photographs and considering all the circumstances, including her positive in-court identification, we find that the identification was not tainted. *Dagenhart v. State,* 234 Ga. 809 (1) (218 SE2d 607).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED SEPTEMBER 3, 1980.

*Thurbert E. Baker, Louise T. Hornsby,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.