65938. BURNS v. THE STATE.

</div>

BIRDSONG, Judge.
First Degree Arson. William Len Burns was convicted of first degree arson and sentenced to twenty years, eight to serve and twelve on probation. Burns brings this appeal enumerating six alleged errors. *Held:*

1. In his first enumeration of error, Burns urges that the state did not prove an essential element of the offense, i. e., that the burning was without the consent of both the building owner and his insurer. This argument is based upon the language of OCGA § 16-7-60 (a) (3) (Code Ann. § 26-1401) which requires that the fire

damage be accomplished without the consent of both the insurer and the insured. The evidence showed unequivocally that the building owner (insured) did not consent to the burning. It is true that although the policy of insurance was admitted into evidence and an investigator for the insurer advanced the opinion that the burning was criminally intentional and not accidental, the evidence relating to the insurer's lack of consent was at best equivocal. However, we do not read the intention of the statute in the same light as does the appellant. As we read the statute, the act is not criminal (i.e., consensual) if both the insurer and the insured have agreed or acquiesced in the act. However, if either or both do not consent to the act, the burning becomes an act of arson, for the non-consenting party has been subjected to either a criminal tort or fraud. See to this effect *State v. Hovers,* 148 Ga. App. 431 (251 SE2d 397). We find this enumeration to be without merit.

2. Appellant complains in his second enumeration of error that the trial court lessened the burden of proof and changed the nature of the crime by charging the jury the crime of arson could be committed through an act of simple negligence. If this charge is taken out of context, we would agree that the charge establishes improper standards for the crime of arson, for that crime requires a knowing damage by fire or explosion intentionally caused. The trial court had charged the jury that a crime is committed when there is a union of act and intention or criminal negligence. In defining criminal negligence, the court informed the jury that it required a reckless disregard of consequences or heedless indifference to the rights and safety of others, a reasonable foresight that injury probably would result accompanied by a failure to exercise slight care. The mere violation of a penal statute is not necessarily criminal negligence unless the violation is accompanied by recklessness from which probable death or injury to others might reasonably be anticipated. At worst, assuming the jury's misunderstanding, the trial court simply was telling the jury by a legal truism that in appropriate circumstances, criminal negligence could be a legal substitute for an intentional act.

However, taken in context, the portion of the charge to which exception is taken could not reasonably have confused the jury. The court did not tell the jury that it could find either act and intention or act and criminal negligence, as defined, to satisfy the element of intent in the crime of arson. Its definition of criminal negligence appeared in that portion of the charge to the jury on the subject of accident and was a supplement to and explanation of exoneration by virtue of accident, for the court had explained accident as an act not infected with criminal negligence. In its charge concerning the elements of the crime charged, the court required the jury to find the

act was intentional, knowing and wilful. At no point in this portion of its charge did the court refer to criminal negligence. Moreover, the evidence did not give rise to such an implication or inference. The state sought to prove a deliberate and knowing act and sought to rule out any negligent or unintentional act. Burns himself asserted the defense of alibi. Under these circumstances, we are fully satisfied that even if the charge, taken out of context, was erroneous, nevertheless, in the context of the evidence and the whole charge, it was highly improbable that the error in any way contributed to the verdict of guilty. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). We find no prejudice to Burns, even assuming the charge to be inappropriate.

3. By his third enumeration, Burns asserts the insufficiency of the evidence to support the conviction. Though the evidence was largely circumstantial in nature, there was convincing evidence from impartial bystanders that they saw the beginnings of smoke rising from the roof of Burns' flower shop. The bystanders rushed across the street as the smoke rapidly began to increase in intensity. Just as they arrived at the front of the store, Burns was observed running out the front door, sweaty and disheveled, with soot upon his body and clothes, and a cut upon his head. In answer to an inquiry if anyone else was in the establishment, Burns replied in the negative. When Burns was informed that one of the bystanders was calling the fire to the attention of appropriate authorities, Burns jumped in his van and drove away. Shortly thereafter, Burns called the fire department to report that he had just returned from Chattanooga and that he had found his place of business on fire. Subsequently, Burns denied being at his flower shop at the time he was seen running from the building. Lastly, there was convincing evidence that the fire was started on or near the floor of the flower shop with the use of an accelerant and, in the opinion of the investigators, the fire was deliberately set. Opposed to this testimony was other competent evidence offered by the defense that the fire was the result of an electrical short and started in the roof of the shop and not on the floor as contended by the state.

We will not speculate as to what evidence the jury chose to believe or disbelieve. On appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). Where the testimony of the state and that of the accused is in conflict, the jury is the final arbiter ( *Sims v. State,* 137 Ga. App. 264 (223 SE2d 468); *Crews v. State,* 133 Ga. App. 764 (213 SE2d 34)), and after the verdict is approved by the trial court, the evidence must be construed so as to uphold the verdict even where there are discrepancies. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232).

To set aside the conviction, it is not sufficient that the circumstantial evidence show that the act might by bare possibility have been done by somebody else. *Hunter v. State,* 91 Ga. App. 136, 138 (85 SE2d 90). It must exclude every reasonable hypothesis save the guilt of the accused, which is primarily a question for determination for the jury. *Workman v. State,* 137 Ga. App. 746 (1) (224 SE2d 757). An appellate court has no yardstick to determine what in a given case is a reasonable hypothesis except to rely on the informed and weighed conclusions of twelve intelligent jurors. The jurors in this case heard the witness, and are better qualified to judge the reasonableness of a hypothesis raised by evidence (or its lack) than is this court which is restricted to a cold record and to issues of law. *Estep v. State,* 154 Ga. App. 1 (267 SE2d 314). On the basis of the evidence presented to the trier of fact, we are satisfied that such trier of fact could be satisfied beyond reasonable doubt by legal and competent evidence that appellant's guilt was fully established. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). This enumeration is without merit.

4. Appellant complains in his fourth enumeration of error that the trial court erroneously shifted the burden of proof to the accused in the charge on voluntary intoxication. This charge, in almost identical verbiage, was considered in *Krier v. State,* 249 Ga. 80, 86 (6) (287 SE2d 531) upon the same complaint and found not to be burden-shifting. *Krier,* supra, is dispositive of this enumeration.

5. Appellant urges his character improperly was placed in issue by a question asked his mother on cross-examination wherein she was asked if a fire had ever occurred in her home (her son being a resident therein). A prompt objection was made to the question, the objection was sustained, no answer was given and the jury charged to eliminate from their minds the question or any possible inferences therefrom when deliberating on the issues of the case. Appellant now complains the trial court erred in denying his motion for mistrial. We find no error.

The trial court has broad discretion in passing on a motion for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a new trial is essential to the preservation of the right to a fair trial. *Gasaway v. State,* 137 Ga. App. 653, 657 (224 SE2d 772). When an objection made to a question made by counsel is sustained, and instructions to disregard the question and its implications are given, a ruling for mistrial is not demanded. *Lenear v. State,* 239 Ga. 617, 619 (12, 13) (238 SE2d 407). Lastly, it generally is held that no harmful error occurs where no answer is given to an improper question. *Pope v. Firestone Tire &c. Co.,* 150 Ga. App. 396 (258 SE2d 14). We find no merit in this enumeration.

6. In his final enumeration of error, Burns contends that the trial court erred in allowing a video film showing the potential for ignition of flammable material by a short circuiting cable as well as the effect of external heat upon an energized cable. Although the film was of tests that were wholly unrelated to the fire in question, one of the major issues in the case was whether the inception of the fire was the result of ignition of flammable material by a faulty entrance cable or whether the physical evidence indicated a starting point of the fire in the attic or at the floor. The video film, while not dispositive of these questions, clearly was relevant to clarify the issues to the jury.

Questions of the relevancy of evidence are for the court. *Hotchkiss v. Newton,* 10 Ga. 560. When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. *Walker v. Roberts,* 20 Ga. 15 (1); *Brown v. Wilson,* 55 Ga. App. 262 (1) (189 SE 860). That the testimony objected to falls short of proving the fact sought to be established is not in itself sufficient reason for excluding it provided that it, alone or in connection with other testimony, tends to prove the matter in issue. *Livingston v. Barnett,* 193 Ga. 640 (3a) (19 SE2d 385). Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. *Harris v. State,* 142 Ga. App. 37, 41 (7) (234 SE2d 798). Furthermore, it is within the sound discretion of the trial court to permit or refuse a demonstration. Under the facts of this case, we find no abuse of discretion. *Redwing Carriers v. Knight,* 143 Ga. App. 668, 671 (5) (239 SE2d 686).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 12, 1983 —
REHEARING DENIED MAY 27, 1983 — ▮

*Donald W. Johnson, Robert A. Whitlow,* for appellant.
*Stephen A. Williams, District Attorney, Steven M. Harrison, Marcus R. Morris, Assistant District Attorneys,* for appellee.