### 76044. JONES v. THE STATE.
(369 SE2d 509)

BEASLEY, Judge.

Jones appeals from the judgment imposed for his convictions for driving under the influence of alcohol, OCGA § 40-6-391 (a) (1), and for driving with 0.12 percent or more by weight of alcohol in his blood, OCGA § 40-6-391 (a) (4). In sentencing, the court considered the latter charge merged with the former.

1. Appellant contends that the trial court erred in denying his motion for a directed verdict of acquittal in that the evidence was insufficient to convict because there was no evidence that he operated the car while, simultaneously, it was moving and he was under the prohibited influence of alcohol. He maintains that the facts were consistent with the hypothesis that he parked his car on the rural highway, early on a winter morning, left the window down but the motor running to provide warmth from the heater, sat and drank three beers, and went to sleep.

The arresting officer's testimony, uncontroverted at trial, was the following: While on duty in his patrol car at 4:00 a.m. on February 7, the officer spotted a vehicle stopped at a railroad crossing on a highway. He had patrolled the area some twenty to thirty minutes earlier and had not seen the car. Seeing no trains approaching, the officer turned around to check on the vehicle. He pulled up beside the car,

got out, and saw Jones slumped over the steering wheel. The car window was open, the engine was still running, and the transmission was in "drive." The officer opened the door and put the transmission in "park." When the officer did that, Jones "came to and stomped the accelerator." The officer asked for Jones' license and for him to step out of the car. As Jones started to exit the car, he fell and the officer grabbed him. After Jones produced his license, he was unsteady on his feet, wavering back and forth. Jones could not walk unassisted, so the officer held him up and walked with him to the patrol car. Jones' eyes were bloodshot, his speech was slurred, and there was the odor of alcohol. The officer could smell the alcohol before the officer opened Jones' car door. The officer saw two or three beer cans in the car.

An intoximeter test administered to Jones measured his blood alcohol content at 0.18 percent.

It is true, as appellant argues, that to be guilty of the offense of driving under the influence of intoxicants one must drive or be in actual physical control of a moving vehicle while under the influence of alcohol or drugs. *Carr v. State*, 169 Ga. App. 679, 680 (2) (314 SE2d 694) (1984). However, " '[i]t is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence.' [Cit.] ' "In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt." ' [Cit.]" *Fuller v. State*, 166 Ga. App. 734, 735 (1) (305 SE2d 463) (1983).

Though the officer did not actually see Jones' car move, he observed circumstances from which the jury could infer both that Jones was in actual physical control of the car while it was moving to the location at which the officer found it and that Jones was intoxicated during that movement. "The jury was authorized not to accept an alternative hypothesis offered by appellant." *Russell v. State*, 174 Ga. App. 436, 437 (2) (330 SE2d 175) (1985). There was sufficient evidence presented from which a rational trier of fact could find appellant guilty beyond a reasonable doubt of driving under the influence of alcohol and of driving with more than .12 percent by weight of alcohol in the blood. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). A directed verdict for defendant was not demanded.

2. Appellant also maintains that the trial court erred in denying his motion for mistrial based upon parts of the State's closing argument, which he alleges constituted improper comment on his election not to testify or to introduce any evidence.

Controlling is that defendant did not move for a mistrial on the basis urged until after the court had delivered its charge to the jury. Inasmuch as the motion was untimely as not contemporaneous with

the State's alleged misconduct, we do not consider the question. *Warren v. State*, 185 Ga. App. 108, 109 (1) (363 SE2d 357) (1987); *Flynn v. State*, 255 Ga. 415, 419 (6) (a) (339 SE2d 259) (1986).

We note, however, that this is not a situation where " 'the prosecutor's manifest intention was to comment upon the accused's failure to testify' " or that "the comment was 'of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' " *Lowe v. State*, 253 Ga. 308, 309 (1) (319 SE2d 834) (1984). Rather, the statements were merely comments on the defendant's failure to rebut the State's evidence. "Though the prosecutor may not comment on a *defendant's* failure to testify, ' "(i)t is not error, nor is it improper for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state." [Cit.]' [Cit.]" *Smith v. State*, 245 Ga. 205, 207 (4) (264 SE2d 15) (1980).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 12, 1988.

*Walter B. Harvey*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.