## 76934. FRYE v. THE STATE.
(375 SE2d 101)

Pope, Judge.

Defendant appeals his conviction of driving under the influence of alcohol. *Held*:

Defendant contends the trial court erred in denying his motion for directed verdict of acquittal, arguing that the evidence was insufficient to support the jury's verdict. We disagree.

The evidence at trial showed that at approximately 11:00 p.m. on a Sunday, Officer James Meadows of the Gwinnett County Department of Public Safety saw defendant "staggering to a degree on the right-hand side of the roadway [and,] approximately 100 yards down the road [, he observed] a Toyota that was turned upside down . . . on the right-hand side of the road." Officer Meadows got out of his "patrol car" to investigate, found "no one inside the [overturned] car," talked with an unidentified man and then apprehended defendant, who was "approximately 125 to 150 yards from the scene. . . ." Defendant was "unsteady" on his feet and his clothing was soiled, a fact which Officer Meadows attributed to defendant having crawled out of the overturned car. "He was unkempt [, his] eyes were watery [, his] face was fairly flushed [and he] had a strong odor of alcoholic beverages about his person. Defendant denied that he was driving the car, which was subsequently discovered to be registered to him. It was stipulated at trial that defendant was informed of his implied consent right and refused to take a blood alcohol test.

"It is true, . . . that to be guilty of the offense of driving under the influence of intoxicants one must drive or be in actual physical control of a moving vehicle while under the influence of alcohol or drugs. *Carr v. State*, 169 Ga. App. 679, 680 (2) (314 SE2d 694) (1984). However, it is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. (Cit.) In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. (Cit.) *Fuller v. State*, 166 Ga. App. 734, 735 (1) (305 SE2d 463) (1983).

"Though the officer did not actually see [the defendant's] car move, he observed circumstances from which the jury could infer both that [defendant] was in actual physical control of the car while it was

moving to the location at which the officer found it and that [defendant] was intoxicated during that movement. The jury was authorized not to accept an alternative hypothesis offered by [defendant]. [Cit.]" *Jones v. State*, 187 Ga. App. 132, 133 (1) (369 SE2d 509) (1988). (Punctuation omitted.) As this court said in the case of *State v. Hill*, 178 Ga. App. 669 (344 SE2d 491) (1986), "[t]he jury is the best 'doctor of doubt.'" Id. at 670. Because there was sufficient evidence presented from which a rational trier of fact could find defendant guilty beyond a reasonable doubt of the offense charged, we affirm the denial of defendant's motion for directed verdict. Accord *Jones v. State*, supra at (1); *Boose v. State*, 185 Ga. App. 728 (365 SE2d 534) (1988); *State v. Hill*, supra; *Fuller v. State*, 166 Ga. App. 734 (1) (305 SE2d 463) (1983).

*Judgment affirmed. Deen, P. J., Banke, P. J., Carley, Benham, and Beasley, JJ., concur. Birdsong, C. J., McMurray, P. J., and Sognier, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as I find the State failed to present sufficient evidence to authorize a finding, beyond a reasonable doubt, that defendant was in control of a moving vehicle while under the influence of alcohol.

OCGA § 40-6-391 (a) provides in pertinent part that "[a] person shall not drive or be in actual physical control of any moving vehicle while [under] the influence of alcohol." Although driving a vehicle while intoxicated may be shown by circumstantial evidence, *State v. Hill*, 178 Ga. App. 669, 670 (344 SE2d 491), such evidence must exclude every other reasonable hypothesis in order to support a conviction. OCGA § 24-4-6. Further, it is axiomatic that the State must present sufficient evidence to authorize a finding that defendant is guilty beyond a reasonable doubt of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

The case of *Jones v. State*, 187 Ga. App. 132 (369 SE2d 509) (1988) relied upon by the majority is a case in which the arresting officer "spotted a vehicle stopped at a railroad crossing on a highway. [The officer] had patrolled the area some twenty to thirty minutes earlier and had not seen the car. . . . He pulled up beside the car, got out, *and saw Jones slumped over the steering wheel.* The car window was open, *the engine was still running,* and the transmission was in 'drive.'" (Emphasis supplied.) I certainly agree with this court's holding in *Jones v. State*, 187 Ga. App. 132, supra. While the facts and circumstances in *Jones v. State*, supra, would indeed authorize that jury to "infer both that Jones was in actual physical control of the car while it was moving to the location at which the officer found it and that Jones was intoxicated during that movement," the evidence in

the case sub judice was not sufficient to enable a rational trier of fact to find the defendant Frye guilty beyond a reasonable doubt of the offense charged. In the case sub judice, it is indeed peculiar that defendant was "staggering" some "125 to 150 yards from the scene . . ." of the overturned vehicle. However, the absence of evidence regarding the only other eyewitness to defendant's arrest, the "unidentified man" who was at the scene when Officer Meadows arrived, is more peculiar. Was the unidentified man a witness to the incident which caused defendant's vehicle to overturn? Was the man intoxicated? Was he a passenger in the overturned vehicle or could he have been the driver?

The mystery of the "unidentified man" adds credit to defendant's denial that he was the driver of the overturned vehicle and supports my view that the State's circumstantial evidence, i.e., that defendant was walking near an overturned vehicle that was registered in his name and that he was under the influence of alcohol, was insufficient to prove beyond a reasonable doubt that defendant was in actual physical control of a moving vehicle. *Humphrey v. State*, 252 Ga. 525, 526 (1) (314 SE2d 436). Compare *Phillips v. State*, 185 Ga. App. 54 (1) (363 SE2d 283).

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED OCTOBER 20, 1988 —
REHEARING DENIED NOVEMBER 7, 1988 —

*Harrison & Harrison, Samuel H. Harrison, G. Hughel Harrison*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.