## A91A1540. MELENDY v. THE STATE.

(415 SE2d 62)

ANDREWS, Judge.

Melendy was convicted by a jury of driving a vehicle under the influence of alcohol in violation of OCGA § 40-6-391 (a) (4).

1. The defendant claims the trial court erred by failing to grant his motion for a directed verdict of acquittal on grounds that the evidence was insufficient as a matter of law. The evidence shows that police responded to a report that a car was stalled in traffic, and upon arriving at the scene observed the defendant pouring gasoline into the tank of a car stopped in the road. As the officer pulled up behind the car, the defendant got in the driver's side of the car, attempted to start the car, and then got out of the vehicle as the officer approached him. The officer asked the defendant what happened and the defendant responded that he was on his way home from a football game when the car ran out of gas. The defendant was unable to produce his driver's license or other identification. There was no one else in or near the car. After detecting a strong odor of alcohol about the defendant and other signs of intoxication, the officer placed the defendant under arrest for driving under the influence. When asked if there was anyone who could move the car, the defendant replied, "no."

An intoximeter test administered after the arrest measured the defendant's blood-alcohol content to be 0.17 percent. At trial, a witness for the defendant testified that on the day of the arrest he drove the defendant's car home from the football game while the defendant was a passenger. The witness claimed when the car ran out of gas he walked home to get money for gas, and upon returning he saw the police and left.

A conviction for driving or being in actual physical control of a moving vehicle while under the influence of intoxicants may be based on circumstantial evidence. The circumstantial evidence need not exclude every hypothesis save that of guilt, but only reasonable hypotheses, so as to justify a finding of guilt beyond a reasonable doubt. *Johnson v. State*, 194 Ga. App. 501-502 (391 SE2d 132) (1990); *Frye v. State*, 189 Ga. App. 181 (375 SE2d 101) (1988). Although no one testified they saw the defendant move the car, evidence established it was the defendant's car; he was the only person at the scene, and he was observed pouring gas into the tank and attempting to crank the car as it sat stalled in a lane of traffic. "The jury was authorized not to accept an alternate hypothesis offered by [the defendant]." (Punctuation and citation omitted.) *Fuller v. State*, 166 Ga. App. 734, 735 (305 SE2d 463) (1983). The circumstantial evidence was sufficient to support a finding by a rational trier of fact that while under the influence of alcohol, the defendant moved the car to the location where it was first observed by the officer. *Johnson*, supra; *Jackson v. Virginia*

443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). There was no error in the trial court's denial of the motion for a directed verdict.

2. The trial court did not err by refusing to give a charge requested by the defendant that "a defendant cannot be convicted of driving under the influence for operating a non-moving vehicle." The jury was charged that "[i]t shall be unlawful for any person to drive or be in actual physical control of any moving vehicle while there is .12 percent or more weight of alcohol in his blood," and that the State must prove every material allegation of the accusation and every essential element of the crime charged beyond a reasonable doubt. The charge given adequately covered the subject matter of the requested charge. *Phillips v. State*, 185 Ga. App. 54, 55 (363 SE2d 238) (1987).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 31, 1992.

*Nancy R. Murphy*, for appellant.

*Keith C. Martin, Solicitor, Kimberly C. Carr, Assistant Solicitor*, for appellee.