A92A1374. HENSON v. THE STATE.
(422 SE2d 265)

McMURRAY, Presiding Judge.

Defendant was convicted of being a habitual violator, driving under the influence of alcohol and failure to remain at the scene of an accident. He appeals. *Held*:

1. Defendant contends the State failed to prove that he was driving an automobile at the time in question. This contention is without merit. The State introduced evidence demonstrating that following an automobile collision, two men, defendant and Tommy Watkins, exited a Granada automobile and fled the scene; that no one else occupied the Granada; that, shortly thereafter, the men were apprehended and appeared to be heavily intoxicated; that Watkins denied driving the Granada; and that defendant was in possession of the keys to the Granada. The State also introduced evidence that investigating officers observed blood and a cracked windshield on the passenger side of the Granada and that, at the time he was apprehended, Watkins was bleeding from a cut on the head. Although this evidence was circumstantial, it justified a finding that defendant was the driver of the Granada at the time of the collision. See generally *Jones v. State*, 187 Ga. App. 132, 133 (369 SE2d 509).

2. Defendant contends the trial court erred in permitting the State to introduce certified copies of defendant's prior habitual violator convictions over defendant's objection that the State did not offer evidence showing the similarity of the prior convictions and the crimes charged. We agree.

"Since this case was tried, the Georgia Supreme Court in *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991) and *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) set forth the procedure that must be followed before similar transaction evidence can be admitted. In *Stephens*, the Georgia Supreme Court held that the procedure followed in this case of presenting only a certified copy of a prior conviction is insufficient to meet the State's burden of showing similarity between the crimes. *Stephens*, 261 Ga. at 468-469. Because we cannot

say the erroneous admission of the prior conviction was harmless, defendant's conviction must be reversed on this basis." *Ramirez v. State*, 205 Ga. App. 217 (422 SE2d 3) (1992). Cf. *Simon v. State*, 182 Ga. App. 210 (1) (355 SE2d 120) in which the State introduced prior driving under the influence convictions and showed that both the prior offenses and the offenses charged occurred in the Atlanta area and that defendant was driving the same vehicle each time.

"The State argues that the decisions in *Stephens* and *Williams* should not be applied to those cases tried before those decisions were issued. The Georgia Supreme Court, however, made it clear in the opinions in those cases by reversing the convictions involved in those cases that the procedure outlined should be applied retroactively. We are constrained to follow their direction." *Ramirez v. State*, 205 Ga. App. 217-218, supra.

3. In view of our ruling in Division 2, we need not address the remaining enumerations of error. We deem it prudent, however, to point out the following for guidance upon retrial:

(a) A defendant should be tried in accordance with the law in effect at the time the offense occurred. *Aldridge v. State*, 125 Ga. App. 691 (1) (188 SE2d 835).

(b) " 'Generally, accused may introduce evidence tending to show that another person committed the crime with which he is charged, if a proper foundation is laid, unless the probative value of the evidence is substantially outweighed by actual risk of undue delay, prejudice, or confusion.

'However, the evidence to establish that someone else, and not accused, is the guilty party must be such evidence as is relevant on the trial of accused, and that the evidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence.

'The evidence, to be admissible, must be such proof as directly connects the other person with the corpus delicti, and tends clearly to point out someone besides accused as the guilty person. Evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible. . . .

'Although the fact that others have committed crimes of the same or similar nature is ordinarily irrelevant and inadmissible, accused may introduce evidence that another person recently committed a similar crime by similar methods, since such evidence tends to show that someone other than accused committed the particular crime.' 22A CJS Criminal Law, § 729." *Bradford v. State*, 204 Ga. App. 568, 569 (420 SE2d 4) (1992).

(c) A trial court should no longer instruct a jury that witnesses

are presumed to speak the truth because such an instruction can be misleading. *Noggle v. State*, 256 Ga. 383, 385 (4), 386 (349 SE2d 175); *Frost v. State*, 200 Ga. App. 267, 271 (5) (407 SE2d 765).

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Karen E. Reed, Assistant District Attorneys,* for appellee.