## A92A1023. STOREY v. THE STATE.
(422 SE2d 879)

BEASLEY, Judge.

Storey was convicted of attempting to elude a police officer (OCGA § 40-6-395).

The evidence showed that between 3:15 and 3:30 p.m. one Friday, appellant was driving a late '60s model blue Camaro in excess of 70 m.p.h. in a northerly direction on Oakbrook Parkway. He was pursued by Officer Foster who, with blue lights flashing and later his siren activated, saw the Camaro turn right from Oakbrook onto the grounds of a warehouse. Foster pursued the Camaro around the warehouse but lost sight of it at each turn. Fellow Officer Diaz, who was in a position to observe the chase but did not participate in it because he was transporting a prisoner, radioed Foster that after exiting the warehouse the Camaro made a right turn back onto Oakbrook. Foster did the same approximately ten to fifteen seconds later. Diaz observed the Camaro turn right onto Center Way, pursued by Foster with his lights flashing. Foster caught up with the Camaro when it stopped at the traffic light at the intersection of Oakbrook and Center Way. Diaz then saw the Camaro drive onto the side of the road and Foster arrest its driver, appellant.

The testimony of appellant and his witnesses conflicts with that given by the police officers. Appellant testified that as he was driving

on Oakbrook toward Center Way, he remained on Oakbrook and did not make a right turn in the area of the warehouse. One of appellant's schoolmates, who was driving behind him, also testified that appellant did not exit Oakbrook until he got to Center Way and that appellant was not speeding or doing anything wrong. Two warehouse employees testified that they saw a police car or cars circling the warehouse at a high rate of speed but did not see any car being pursued.

Appellant was arrested for speeding and attempting to elude but the State dismissed the speeding charge at trial.

1. Appellant, at the proper time, sought a directed verdict of acquittal. See OCGA § 17-9-1.

Such a motion is appropriate only where there is no conflict in the evidence and it demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Zuber v. State*, 248 Ga. 314, 316 (3) (282 SE2d 900) (1981).

Appellant also argues that just as the identification evidence was insufficient to establish the perpetrator of the crimes in *Hall v. State*, 155 Ga. App. 211 (270 SE2d 377) (1980) and *Glover v. State*, 114 Ga. 828 (40 SE 998) (1902), the evidence against him is likewise insufficient to identify him as the driver of the vehicle which Officer Foster was chasing. Identity in *Hall* and *Glover* was based entirely on circumstantial evidence. In those two cases, although the footprint evidence gave rise to strong suspicion of guilt, it did not exclude every other reasonable hypothesis save that of guilt. See OCGA § 24-4-6. Storey's case is not based entirely on circumstantial evidence. Officer Diaz testified in rebuttal that he himself saw the Camaro exit the warehouse property and become stopped by Officer Foster on Center Way, with appellant driving. Foster testified that he stopped the car which he chased, and appellant was driving.

" 'The jury is the sole and exclusive judge of the credibility of witnesses, and after verdict, a reviewing court must construe the evidence in favor of the judgment rendered. . . .' [Cit.] ' "While there is considerable evidence in the record to authorize the jury to have found the defendant not guilty . . . the jury in criminal cases is the arbiter of all conflicts, and having resolved such issues against the defendant, and there being evidence to support the verdict, the court did not err in rendering final judgment on the verdict." (Cit.)' [Cit.]" *Harris v. State*, 155 Ga. App. 530 (1), 531 (271 SE2d 668) (1980). As in *Harris*, the evidence was "sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]."

2. Appellant challenges as hearsay the testimony of Foster that Diaz told him the Camaro made a right turn on Center Way.

The trial court correctly denied the hearsay objection on the ground that this testimony was admissible for the purpose of explain-

ing the investigating officer's conduct. See OCGA § 24-3-2; *Jones v. State*, 247 Ga. 268, 272 (7) (275 SE2d 67) (1981).

Acknowledging this, appellant still claims error in that in this case, unlike *Mallory v. State*, 166 Ga. App. 812, 813 (1) (305 SE2d 656) (1983), and the cases cited therein, the court did not instruct the jury that the testimony could be considered, not for the truth of the matter stated, but only as it might tend to explain the witness' conduct.

Without a request, the court did not err in failing to give the instruction. Moreover, the hearsay declarant, Officer Diaz, testified that he in fact made the statement attributed to him. Appellant's cited cases do not require a reversal.

3. The next question is whether a charge on alibi was required.

"The defense of alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. The range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence." OCGA § 16-3-40.

It was not contradicted that appellant was the person stopped by Foster. He even argued, in challenging sufficiency, that mere presence at the scene is insufficient to convict one of an offense. See *Smith v. State*, 188 Ga. App. 415, 416 (1) (373 SE2d 97) (1988). Appellant admitted he was present in the vicinity of the chase, but denied his was the vehicle being chased and that in any event, he did not speed and did not seek to elude the officer. His explanation, that he was at school moments before being stopped, did not constitute an alibi so as to require the charge. It was not supported by the evidence.

4. Appellant contends that the court refused to charge the jury that in determining whether any reasonable hypothesis other than that of guilt existed, defendant's explanation had to be considered insofar as it was consistent with the circumstantial evidence properly admitted. *Elam v. State*, 125 Ga. App. 427, 430 (2) (187 SE2d 920) (1972); *Barnett v. State*, 153 Ga. App. 430, 432 (3) (265 SE2d 348) (1980).

The State did not rely on circumstantial evidence alone, distinguishing it from the cases cited above. In them, the convictions were reversed because the evidence of guilt, all circumstantial, did not exclude a reasonable hypothesis of innocence consistent with the defendant's explanation.

5. Finally, appellant contends that the court erred in denying a new trial because of newly discovered evidence showing that Officer T. R. Beining was on Oakbrook Parkway when this incident occurred, but the State did not disclose his identity prior to trial.

Officer Beining's affidavit was offered in lieu of his court appearance as support for the motion. Appellant had obtained documents showing that Officer Beining was on a vehicle pull-over from 3:23 to

3:28 p.m. at the intersection of Indian Trail Road and Oakbrook Parkway on the day in question. Officer Beining stated that he did not remember seeing appellant's vehicle there or even being in that vicinity. He did recall hearing radio communications concerning a high-speed chase on Oakbrook, and he remembered being in the area searching for the vehicle until it was stopped on Center Way. He went to Center Way to provide back-up for Officer Foster.

This evidence does not meet the requirements for the grant of a new trial based on newly discovered evidence. See *Turner v. State*, 139 Ga. App. 503, 505 (2) (229 SE2d 23) (1976). For one thing, it did not support appellant's version and in addition, being notable for its lack of knowledge, it was not so material that it would probably produce a different verdict.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 —

*Cheeley & Chandler, Joseph E. Cheeley III*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Assistant Solicitor,* for appellee.