## A93A1081. KRULL v. THE STATE.
(438 SE2d 152)

SMITH, Judge.

Daniel Stephan Krull was convicted of driving under the influence, no proof of insurance, driving with a suspended license, and failure to maintain lane.

1. Krull contends that the trial court erred in denying his motions for directed verdict and for new trial. We agree and reverse.

The uncontradicted evidence at trial showed that Krull, who did not own a car, became intoxicated at a bar in Sandy Springs. When he realized it was so late that the buses were no longer running, he called his father to pick him up. His father, concerned because Krull sounded as if he were intoxicated, took his older car because he was afraid Krull might become ill in the car. However, while Krull's father was driving home the brakes in the older car failed and the car struck a concrete island. At trial a mechanic confirmed that the brakes had failed due to a faulty master cylinder. Because Krull was so intoxicated that he was a hindrance and his father "didn't want to carry him around" he told Krull to wait in the car while he went for help. However, when he returned the car and his son were gone, because in the meantime, his son had been arrested and the car had been towed away.

The arresting officer testified that he came upon the wrecked car at the corner of Copeland and Roswell Roads. He saw from a distance that the car was wrecked, and walked up on the driver's side to see if anyone was in it. He found Krull sitting "in the driver's portion of vehicle." On redirect he added that Krull was "behind the wheel." Krull was so intoxicated that he was unable to recite the alphabet.

The officer initially testified that Krull stated "I just want to move my car or something like that; or I'm just trying to get my car off the roadway." On cross-examination, he admitted that he did not remember and did not write down Krull's exact words, and particularly did not remember if Krull referred to the car as "my car." He agreed that the substance of Krull's statement was that he wanted to move the vehicle. However the officer conceded that the car was inoperable.

The officer testified that no wallet or keys were found in his search of the car, and he did not recall if there were keys in the ignition. He never actually saw anyone driving the car. The officer did not recall whether or not Krull said someone else was driving, but testified that he would have recorded such a statement by Krull in his report "only if there were some way to really substantiate that, yeah, there had been." However, even though the officer testified that he would have checked the car's registration as a matter of routine, he did not use that information to locate or contact the registered owner of the car.

OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." The burden is on the State to present evidence excluding every other reasonable hypothesis

save that of guilt. *Cornish v. State*, 187 Ga. App. 140, 142 (369 SE2d 515) (1988).

"While the determination of whether the circumstances are sufficient to exclude every reasonable hypothesis except that of defendant's guilt is usually made by the jury and while we must review the evidence in the light most favorable to the jury verdict, we must not be blinded by that verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law. [Cits.]" *Brooks v. State*, 206 Ga. App. 485, 486-487 (1) (425 SE2d 911) (1992).

In this case, the officer testified that he observed Krull "in the driver's portion of the vehicle," or "behind the wheel." He further stated, though uncertain of the exact words used, that Krull said in so many words that he wanted to move the vehicle. This is the sum total of the circumstantial evidence identifying Krull as the driver.

There are a number of decisions in which DUI convictions have been upheld on circumstantial evidence, against the defendant's assertion that the evidence failed to prove that he was the driver of the car. However, in all those cases, the evidence revealed specific facts supporting the State's contention that the defendant was indeed the driver. Such facts are absent here.

In *State v. Hill*, 178 Ga. App. 669 (344 SE2d 491) (1986), when the investigating officer asked how the accident occurred, the defendant stated, "I swerved to miss a dog." The defendant in *Melendy v. State*, 202 Ga. App. 638 (1) (415 SE2d 62) (1992), admitted that he had driven to his location from a football game. The general substance of Krull's statement as recounted by the officer does not establish that Krull ever identified the vehicle as his own, nor that he admitted to driving the vehicle to the place where it was found.

In other cases affirming convictions on circumstantial evidence, there were other indicia of recent operation of the car. See, e.g., *Phillips v. State*, 185 Ga. App. 54 (1) (363 SE2d 283) (1987) (officer found defendant behind the wheel, with the engine running and the lights on); *Jones v. State*, 187 Ga. App. 132 (1) (369 SE2d 509) (1988) (car was not on scene 20 to 30 minutes previously; officer found defendant slumped over the wheel at a railroad crossing, with the engine running and transmission in "drive"); *Melendy v. State*, supra (officer observed defendant putting gas in car and attempting to start the engine). In still other cases, there were indicia of ownership such as registration of the car in the defendant's name, *Frye v. State*, 189 Ga. App. 181 (375 SE2d 101) (1988); possession of car keys after fleeing the scene of the accident, *Henson v. State*, 205 Ga. App. 419 (422 SE2d 265) (1992); or a statement by the accused that no one else could move the car, hence asserting ownership and control over it, *Melendy v. State*, supra.

Here, in contrast, there was no testimony that the keys were in Krull's possession and no previous observation of the car in motion or of an attempt by Krull to start it. The car was inoperable, the engine was not running, and there was no testimony indicating that it had been driven recently, such as a warm engine or hood. Unlike the *Frye* case, there was no evidence that the car was registered in Krull's name, and there was uncontradicted evidence that it was not his car and that he was not permitted to drive it.

Finally, the evidence in this case fails to exclude the hypothesis that Krull's father was driving the car and went to seek help after the accident. In contrast to *Frye* or *Phillips*, supra, where the missing or "unidentified" person suggested by defendant as the driver never appeared at trial, Krull's father appeared and testified that he was in fact the driver of the car. He offered an uncontradicted and unimpeached explanation for his absence from the scene and for the accident, which was corroborated by the testimony of the mechanic who repaired the car. The evidence in this case is equally consistent with the hypothesis that Krull's father, not Krull, was the driver of the car. It follows that the jury was not authorized by the evidence presented to find Krull guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A directed verdict of acquittal should be granted where "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . ." OCGA § 17-9-1. The circumstantial evidence presented here is insufficient to meet the State's burden of proof, and the trial court should have granted Krull's motion for directed verdict.

2. Our holding in Division 1 makes it unnecessary to consider Krull's remaining enumerations of error.

*Judgment reversed. Pope, C. J., Birdsong, P. J., Cooper and Blackburn, JJ., concur. McMurray, P. J., Beasley, P. J., Andrews and Johnson, JJ., dissent.*

BEASLEY, Presiding Judge, dissenting.

" 'The jury is the sole and exclusive judge of the credibility of witnesses, and after verdict, a reviewing court must construe the evidence in favor of the judgment rendered. . . .' [Cit.]" *Harris v. State*, 155 Ga. App. 530 (1) (271 SE2d 668) (1980); OCGA § 24-9-80. It may accept or reject all or any part of the testimony of any witness. *Burke v. State*, 196 Ga. 702, 707 (27 SE2d 313) (1943); *Davis v. State*, 205 Ga. 248, 254 (5) (53 SE2d 545) (1949). The jury is the arbiter of all conflicts in the evidence. *Storey v. State*, 205 Ga. App. 610, 611 (1) (422 SE2d 879) (1992). A conflict may arise not only when there is

conflicting evidence but also when the facts testified to by a witness are at variance with the common knowledge and experience of mankind. See *Watson v. State*, 13 Ga. App. 181, 182 (2) (78 SE 1014) (1913). That is, the testimony may lack inherent credibility when measured against surrounding facts, either undisputed or as found by the jury.

In this case, the jury was authorized to reject the testimony of appellant's father, that he had been driving the vehicle when it became disabled. It was authorized to reject as implausible his version of the event, that he left his son in the disabled auto at 4:00 a.m. in the middle of the highway (we do not have the benefit of the diagram the officer used to describe the location and the car's position) and did not return until after the police and a wrecker came and left with his son and the car. The jury was also authorized to reject the defendant's testimony that this is what occurred and his testimony that he was outside of the car when the officer arrived, not in the driver's seat as the officer testified. It was authorized to reject his testimony that he had been out and had called an unnamed friend to come and help, a friend who did not testify. See *Vaughn v. State*, 126 Ga. App. 252, 263 (11) (190 SE2d 609) (1972).

Circumstantial evidence need only exclude reasonable hypotheses. *Lowe v. State*, 208 Ga. App. 49, 52 (1) (430 SE2d 169) (1993). The jury is the judge of what is reasonable. *Burns v. State*, 166 Ga. App. 766, 768 (3) (305 SE2d 398) (1983). In addition to it being undisputed that defendant was found drunk in the middle of a main road at 4:00 a.m. behind the wheel of a family vehicle, there is evidence that he refused to submit to the statutory breath test, never told the arresting officer that someone else was driving the vehicle, and approximately nine months earlier had driven on another main roadway while intoxicated, refused the implied consent test, and pleaded guilty. As to car keys, the officer was asked in connection with the inventory search of the vehicle prior to impound, "Did you see anybody else's wallet or keys or anything like that in the car?" He answered that he did not. When asked where the car keys were for the subject vehicle, he replied, "I would have left the ignition key in the ignition for the wrecker driver." He simply did not specifically "recall" that the key was in the ignition.

In addition to the jury's verdict, the trial court denied the motion for new trial on the general grounds. Its role as the "thirteenth juror" further confirms the validity of the jury's verdict. *Ricketts v. Williams*, 242 Ga. 303, 304 (248 SE2d 673) (1978); *Pittman v. State*, 44 Ga. App. 204, 205 (161 SE 155) (1931).

Viewed in a light most favorable to the verdict, the evidence was sufficient to authorize any rational trier of fact to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307

(99 SC 2781, 61 LE2d 560) (1979).

I am authorized to state that Judge Andrews and Judge Johnson join in this dissent.

DECIDED NOVEMBER 19, 1993.

*Bray & Johnson, H. Michael Bray, Christopher J. McFadden,* for appellant.

*Paul L. Howard, Jr., Solicitor, Denise A. Hinds, Deborah W. Espy, Assistant Solicitors,* for appellee.