## A95A2827. JONES v. THE STATE.

(466 SE2d 667)

BEASLEY, Chief Judge.

An accusation was returned against Jones charging him with various counts of DUI in violation of OCGA § 40-6-391 (a) (1) [less safe to drive] and (a) (4) [unlawful blood-alcohol level], arising from incidents on April 3, April 14, and June 15, 1991. The jury found him guilty on all counts. He appeals the trial court's denial of his motion for new trial on the general grounds.

1. At the outset, we reject the State's argument that Jones is precluded from challenging the sufficiency of the evidence on appeal because he failed to challenge it during trial, such as by moving for a directed verdict.

OCGA § 17-9-1 (a) requires the trial court to grant a directed verdict of acquittal where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. *Wisecup v. State*, 157 Ga. App. 853 (1) (278 SE2d 682) (1981). There is no requirement that the defendant move for such as a prerequisite to filing a motion for new trial. Compare OCGA § 9-11-50 (b). OCGA §§ 5-5-20 and 5-5-21 authorize the defendant to seek a new trial on grounds that the verdict is contrary to the evidence and the principles of justice and equity, or decidedly and strongly against the weight of the evidence. The denial of a new trial on these grounds addresses itself to the discretion of the trial judge. *Drake v. State*, 241 Ga. 583, 585 (1) (247 SE2d 57) (1978). On appeal, this Court only reviews the evidence to determine if there is sufficient evidence to support the verdict, which is a matter of law, not discretion. *Woods v. State*, 208 Ga. App. 565, 567 (3) (431 SE2d 167) (1993); *Stinson v. State*, 185 Ga. App. 543, 544 (364 SE2d 910) (1988).

Thus, the defendant may challenge the sufficiency of the evidence by appealing the denial of his motion for new trial, even though he did not invoke such a ruling from the court at trial.

As to the evidence, *Hill v. State*, 183 Ga. App. 654, 657 (4) (360 SE2d 4) (1987), relied upon by the State, is distinguishable. In *Hill*, we refused to consider the defendant's contention that there was a merger of two of the counts of the indictment into another count, be-

cause that issue had not been properly presented to the trial court *either* during the course of the trial *or* by post-trial motion. Moreover, *Hill* is physical precedent only. See Court of Appeals Rule 33 (a).

2. Jones argues that the State's evidence was insufficient to establish that he was ever in actual physical control of a vehicle on June 15.

An officer employed by the Gilmer County Sheriff's Department testified that he and another officer responded to a radio call in which they were asked to investigate a moving vehicle at a specified location. The other officer made the stop before the witness arrived on the scene. The witness testified that when he arrived, Jones had already exited his vehicle and was being read his implied consent warnings by the other officer. These facts were of sufficient specificity to indicate, and thus authorize the jury reasonably to infer, that Jones had been driving the vehicle. See, e.g., *Henson v. State*, 205 Ga. App. 419 (422 SE2d 265) (1992); *Melendy v. State*, 202 Ga. App. 638 (1) (415 SE2d 62) (1992); *Frye v. State*, 189 Ga. App. 181 (375 SE2d 101) (1988); *Jones v. State*, 187 Ga. App. 132 (1) (369 SE2d 509) (1988); *Phillips v. State*, 185 Ga. App. 54 (1) (363 SE2d 283) (1987); compare *Krull v. State*, 211 Ga. App. 37 (438 SE2d 152) (1993).

3. Jones also seems to argue that the evidence was not sufficient to support a finding that he was driving a vehicle on April 3.

A City of Ellijay police officer testified that he observed Jones drive the vehicle a distance of approximately 50 feet before switching positions with the passenger and letting him drive.

No basis to reverse the judgment is offered.

*Judgment affirmed. Andrews and Ruffin, JJ., concur. Pope, P. J., disqualified.*

DECIDED JANUARY 4, 1996.

*Ralston & Painter, David E. Ralston*, for appellant.
*Roger Queen, District Attorney, William Britt, Assistant District Attorney*, for appellee.