## A96A1283. JENKINS v. THE STATE.
### (478 SE2d 143)

MCMURRAY, Presiding Judge.

Defendant was charged in an accusation with driving under the influence of alcohol to an extent that it was less safe for him to drive. The evidence adduced at a bench trial reveals the following: At about 9:00 or 10:00 in the evening November 30, 1993, Ralph W. Tuggle, Jr. returned home with his family and discovered a strange car parked in his driveway, blocking entrance to his home. Tuggle noticed that the vehicle's headlights were on, that the car's engine was running and that "both front windows were down." Concerned that a burglary was in progress, Tuggle kept his family in the car and summoned the police with his mobile telephone. Officer Robert Dean Johnson, Jr. of the DeKalb County Police Department responded and, upon arriving at the scene, found the strange car parked in the Tuggles' driveway with its engine running. Officer Johnson observed no movement inside the strange car so he cautiously approached the driver's door, looked inside and found defendant in the car's driver's seat, "slumped over the steering wheel." Officer Johnson "beat on the door several times [for about three or four minutes] trying to get [defendant] to move . . . until finally [defendant] stirred [and looked at the officer]." Officer Johnson then asked defendant to exit the car, but defendant did not respond. He remained behind the steering wheel — dazed.

Officer Johnson repeated his request for defendant to exit the vehicle and, after about two minutes, defendant opened the car's door. A strong alcohol stench immediately wafted from the car's interior and defendant "just about fell out of the car and onto [Officer Johnson]." The officer "grabbed [defendant's] left arm and said are you okay? . . ." He noticed that defendant "had slobbered on himself . . ." and realized that defendant could not make it on his own. Officer Johnson "literally had to pull [defendant] out of the car because he was almost dead weight."

When Officer Johnson "finally got [defendant] up [on his feet, defendant] almost fell back on [the officer] again." Officer Johnson then "held [defendant] up to make sure he was okay [and discovered] no injuries whatsoever." The officer "asked [defendant] what his name was [and] was he okay." Defendant "said yes [and] started mumbling. At that point[, Officer Johnson] observed . . . an empty bottle of an alcoholic beverage in the vehicle." It appeared to be a half-gallon container for "Scotch whisky." The officer "found another bottle in the [car's] back seat. . . . It was full." Observing that defendant could barely stand without assistance, Officer Johnson determined that defendant was "heavily intoxicated" and "arrested [him] for suspected driving under the influence."

The trial court found defendant guilty of driving under the influ-

ence of alcohol to an extent that it was less safe for him to drive. This appeal followed. *Held*:

1. Defendant contends there was no proof that he operated a moving vehicle while under the influence of alcohol, arguing that the facts support his defense that he parked in the Tuggles' driveway, began drinking whiskey and then went to sleep.

"It is true, as [defendant] argues, that to be guilty of the offense of driving under the influence of intoxicants one must drive or be in actual physical control of a moving vehicle while under the influence of alcohol or drugs. *Carr v. State*, 169 Ga. App. 679, 680 (2) (314 SE2d 694) (1984). However, ' "(i)t is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence." (Cit.) " 'In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt.' " (Cit.)' *Fuller v. State*, 166 Ga. App. 734, 735 (1) (305 SE2d 463) (1983)." *Jones v. State*, 187 Ga. App. 132 (1), 133 (369 SE2d 509).

In the case sub judice, it is true that Officer Johnson did not actually observe defendant operate the car that was parked in the Tuggles' driveway. The officer testified, however, that he found defendant slumped over the steering wheel while the car's engine was operating; that defendant's residence was not close to the Tuggles' home and that defendant exhibited characteristics of a person who is "heavily intoxicated." This proof, and Tuggle's testimony that defendant is a complete stranger, is sufficient to authorize the trial court's finding that defendant is guilty, beyond a reasonable doubt, of driving a car to the Tuggles' driveway while under the influence of alcohol to an extent that it was less safe for him to drive. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Likewise, " '[t]he [trial court] was authorized not to accept an alternative hypothesis offered by [defendant].' *Russell v. State*, 174 Ga. App. 436, 437 (2) (330 SE2d 175) (1985)." *Jones v. State*, 187 Ga. App. 132 (1), 133, supra.

2. Defendant challenges the denial of his motion to suppress, arguing that Officer Johnson "did not have the requisite articulable suspicion to require [him] to exit his vehicle or to launch a secondary investigation for the offense of Driving Under the Influence . . ." because the officer observed no indication that defendant was "in peril, or engaging in unlawful behavior." This argument is without merit. When Officer Johnson discovered defendant slumped over the steering wheel of the strange car, "it is obvious that he had a legitimate purpose in [ordering defendant out of the vehicle] in order to ascertain the condition of the driver." *State v. Thomason*, 153 Ga. App. 345, 346 (1), 347 (265 SE2d 312).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 30, 1996 —
RECONSIDERATION DENIED NOVEMBER 4, 1996 —

*William C. Head*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Lisa A. Jones, W. Cliff Howard, Assistant Solicitors*, for appellee.