70862. AKINS v. THE STATE.
(335 SE2d 486)

Carley, Judge.

Following a bench trial, appellant was convicted of driving under the influence of alcohol. He appeals from the judgment of conviction.

All of appellant's enumerations of error challenge the sufficiency of the circumstantial evidence. The evidence adduced at trial established that a vehicle driven by appellant collided with another vehicle. By the time a police officer arrived to investigate, the automobiles had been moved from the scene of the collision to a nearby convenience store, where appellant's vehicle was blocking one lane of the store's gas pump area. Upon interviewing appellant, the investigating officer arrested him and charged him with driving under the influence of alcohol. A breath test established that appellant was intoxicated. Appellant testified that although he was intoxicated *when he was arrested*, he was not intoxicated and had not been drinking at the time the collision occurred. He explained that the automobile with which his vehicle had collided had been occupied by two of his friends. After the collision, he and his friends discussed a settlement of the matter for approximately an hour and a half before they decided to call the police. During that interim period, appellant consumed five or six drinks of liquor. While he was surprised at being arrested for driving under the influence in light of the circumstances he described, appellant admitted that he had offered no explanation to the arresting officer. Appellant's friends did not testify.

Appellant contends that his conviction cannot stand because he presented a reasonable hypothesis which was consistent with his innocence and which was not excluded by the circumstantial evidence presented by the State. See OCGA § 24-4-6. However, it is within the province of the trior of fact to determine whether or not a defendant's explanation advanced at trial is reasonable or satisfactory. *Barr v. State*, 166 Ga. App. 7 (303 SE2d 132) (1983). The trior of fact may accept a defendant's statement in whole or in part, or may reject it in whole or in part. *Smith v. State*, 173 Ga. App. 625, 626 (327 SE2d 584) (1985). The trial court, sitting as fact-finder in the instant case, was not required to believe that appellant became intoxicated only after the collision, while sitting in his vehicle which was parked so as

to block a gas pump of a store.

"While the appellant offered [another hypothesis] than that of his guilt, the trier of fact determined [that it was] not reasonable, and the evidence sustains this determination. The determination of what is a reasonable hypothesis is a question for the trier of fact, [cit.], just as the credibility of the witnesses and the quantum of evidence that will constitute proof are questions for the trier of fact. . . . While the judgment was not demanded in the case, the quantum and quality of evidence was sufficient to satisfy any rational trier of fact of the guilt of the appellant beyond a reasonable doubt. [Cit.]" *O'Bear v. State*, 156 Ga. App. 100, 101 (274 SE2d 54) (1980). See generally *Roberts v. State*, 172 Ga. App. 139 (1) (322 SE2d 342) (1984); *Townsend v. State*, 127 Ga. App. 797, 798-799 (1, 2) (195 SE2d 474) (1972).

*Judgment affirmed. Birdsong, P. J., and Sognier, J. concur.*

DECIDED SEPTEMBER 26, 1985.

*Ronald C. Crawford*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.