72544. BLACKWELL v. THE STATE.
(349 SE2d 13)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offenses of driving under the influence (of alcohol) and of driving too fast for conditions. *Held:*

1. Defendant contends the trial court erred in upholding the con-

stitutionality of OCGA § 40-6-180 in that it is too vague and indefinite in describing the proscribed conduct. However, our Supreme Court has held that when read in conjunction with OCGA § 40-6-181, this statute gives sufficient warning of what conduct is unlawful. *Bilbrey v. State*, 254 Ga. 629, 630 (1) (331 SE2d 551).

Although generally an attack upon the constitutionality of a statute would not fall within the jurisdiction of this court, an exception to the general rule is applicable here. "Where a law has been held to be constitutional as against the same attack being made, the case requires merely an application of unquestioned and unambiguous constitutional provisions and jurisdiction of the appeal is in the Court of Appeals. *Huguley v. State*, 225 Ga. 191 (2) (167 SE2d 152) (1969)." *Zepp v. Mayor & Council of Athens*, 255 Ga. 449, 451 (2) (339 SE2d 576). This enumeration is without merit.

2. Defendant's remaining enumerations of error address the sufficiency of the evidence. The State's evidence shows in regard to the driving under the influence offense that defendant presented himself at a business location and told the employees there that he had been in a car wreck, that "a car was on his lane and he tried to whip around him and he just lost control and flipped his car." Investigating law enforcement officers, one of whom had found defendant's wrecked vehicle, located defendant shortly after his arrival at the business location.

The investigating law enforcement officers upon locating defendant observed defendant and formed the opinion that he was under the influence of alcohol. The officers testified that their opinions were predicated on their police experience in observing individuals under the influence of alcohol, the odor of alcohol on the breath and about the person of defendant, the bloodshot eyes of defendant, that defendant was unsteady on his feet, and defendant's demeanor in conversing with the officers. The defendant was injured and bleeding about the head and the officers testified that they took into consideration these injuries in forming their opinions as to defendant's intoxication.

The testimony of the three law enforcement officers was sufficient to prove beyond a reasonable doubt that defendant was intoxicated. *McLarty v. State*, 176 Ga. App. 433, 435 (2) (336 SE2d 273). See also *Akins v. State*, 176 Ga. App. 254 (335 SE2d 486).

As to the offense of driving too fast for conditions the State's evidence shows that it was a rainy, foggy night and that the car wreck occurred on a dangerous curve. Although there were no skid marks on the streets, the defendant's vehicle did leave marks after it left the roadway. Based on the length of these marks, the size of defendant's vehicle, the topography of the site, and his training and experience, one of the officers opined that defendant's vehicle had been traveling

55 to 60 mph. Another officer, based on the distance the vehicle had traveled after it left the roadway, estimated that defendant's vehicle was traveling 55 mph. One of the officers estimated the maximum safe speed for the curve involved at that time as 40 mph, while another officer opined that he would not feel safe driving 55 mph in that area on that night in the conditions then prevailing. The State's evidence was sufficient to sustain a verdict of guilty of driving too fast for conditions. The trier of fact is the exclusive judge of the credibility and weight to be accorded the evidence. *Harris v. State,* 155 Ga. App. 530 (1) (271 SE2d 668). See also *Keenan v. State,* 168 Ga. App. 51 (308 SE2d 26).

The evidence presented was sufficient to enable any rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Brown v. State,* 178 Ga. App. 691 (1) (334 SE2d 509).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 10, 1986.

*Lee Sexton,* for appellant.
*John C. Carbo III, Solicitor,* for appellee.