A89A1056. RIDGEVIEW INSTITUTE, INC. v. BRUNSON.
(382 SE2d 409)

BANKE, Presiding Judge.

The appellee, William O. Brunson, sued to obtain a judicial declaration that he is entitled to access to certain medical records in the possession of the appellant, Ridgeview Institute, Inc. The complaint alleged that a former psychiatric patient at Ridgeview, Harold P. Cronic, shot and wounded the appellee, shot and killed the appellee's wife, and then shot and killed himself shortly after receiving treatment there; that the appellee "firmly believes" under the circum-

stances that he has a cause of action against Ridgeview under the theory of liability set forth in *Bradley Center v. Wessner*, 161 Ga. App. 576 (287 SE2d 716) (1982), aff'd 250 Ga. 199 (296 SE2d 693) (1982); that Ridgeview's records might, in addition, "develop . . . facts which would indicate that other persons and entities comprised of hospitals and treating physicians, may be appropriate defendants" in such an action; that he "would not be able to make a determination as to who the proper parties in an action would be, and further, would not be certain as to whether or not [Ridgeview] is a proper party defendant until [Ridgeview] makes available those medical records pertaining to the treatment of Harold P. Cronic"; that a cause of action brought by him against Ridgeview "may or may not be subject to OCGA § 9-11-9.1 requiring [him] to attach an affidavit with the complaint"; that he would not be able to obtain such an affidavit "until [Ridgeview] releases the medical records upon which such an affidavit may be based"; that although the administrator of Cronic's estate had consented to the release of the records, Ridgeview had taken the position that the records were confidential and refused to release them without a court order directing their release; and that these facts placed him "in a dilemma in that he wishes to bring a cause of action in a proper fashion against [Ridgeview] but cannot determine whether or not a cause of action is appropriate until the medical records are made available."

In its answer, Ridgeview asserted that the records in question were absolutely privileged under state law and that it was not authorized to release them even with the consent of Cronic's administrator. The trial court granted summary judgment to the appellee on this issue, concluding, in a thoughtful and well-reasoned opinion, that under the particular facts of this case the release of the records would not be precluded by the psychiatrist-patient privilege, see OCGA § 24-9-21, or by the psychologist-patient privilege. See OCGA § 43-39-16. Ridgeview appeals. *Held*:

Although the issue was not raised by either party in the court below, it is evident that the allegations contained in the complaint do not state a justiciable claim for declaratory relief. Simply stated, the appellee's problem is that although he "firmly believes" he has a cause of action against Ridgeview and possibly others as a result of their failure to foresee and prevent Cronic's conduct, he cannot be certain about this until Ridgeview's medical records have been made available to him. However, the appellee's problem in this regard will not be resolved merely by an adjudication that Ridgeview is *authorized* to release the records to him, for Ridgeview would still be under no legal duty to do so. What the appellee needs is a procedure by which Ridgeview can be *required* to release the records to him; and his remedy in this regard is simply to file an action against Ridgeview

and/or any other parties he believes are liable to him and to seek discovery of the records in that action. Generally speaking, Georgia law provides no discovery procedures for pre-complaint fact finding. Cf. *Worley v. Worley*, 161 Ga. App. 44, 45 (288 SE2d 854) (1982) (holding that the purpose of Rule 27 (a) of the Civil Practice Act, authorizing the taking of depositions prior to the filing of a complaint, "is to provide for perpetuation of testimony in situations where, for one reason or another, testimony might be lost to a prospective litigant unless steps are taken immediately to preserve and protect such testimony" and that this provision "cannot be used for the purpose of ascertaining facts to be used in drafting a complaint.")

"This court and the Supreme Court have repeatedly held that although the Declaratory Judgments Act as amended [OCGA § 9-4-2 (c)] provides that relief by declaratory judgment is available notwithstanding other adequate legal or equitable remedies, the necessity therefor must appear, and that a petition will not lie where all rights of the parties have already accrued and where no facts or circumstances are alleged showing a necessity for adjudication in order to relieve the plaintiff from the risk of taking future undirected action, which, without such action, would jeopardize the plaintiff's interest. [Cit.]" *United States Fid. &c. Co. v. Bishop*, 121 Ga. App. 75, 77 (172 SE2d 855) (1970). See also *Rowan v. Herring*, 214 Ga. 370, 374 (105 SE2d 29) (1958). It being apparent that the judicial declaration sought by the appellee will not relieve him of any risk or uncertainty with regard to the legal consequences of future conduct on his part, so as to enable him to avoid repudiating obligations or losing rights, we hold that the trial court erred in entertaining the action. Accord *Peeples Indus. v. Parker Hannifin Corp.*, 189 Ga. App. 857, 859 (377 SE2d 691) (1989). The judgment below is accordingly vacated with direction that the complaint be dismissed for want of subject matter jurisdiction.

*Judgment vacated with direction. Sognier and Pope, JJ., concur.*

DECIDED MAY 19, 1989.

*Troutman, Sanders, Lockerman & Ashmore, H. Carol Saul, Rutledge Q. Hutson, Paul L. Fields, Jr.*, for appellant.
*Henning, Aitkens, Snellings, Kearns & Cleveland, Stanley T. Snellings, J. Russell Mayer*, for appellee.