A93A0693. BIELING et al. v. BATTLE.
(434 SE2d 719)

BLACKBURN, Judge.
The plaintiff/appellee, Sallie M. Battle, filed the instant medical malpractice action on February 6, 1990, against appellants/defend-

ants, Dr. Friedrich Christopher Bieling and Atlanta Obstetrics & Gynecology Group, P. A. (Atlanta Obstetrics), the professional association for which Bieling was employed, based upon Bieling's failure to exercise the requisite degree of care in ordering an unindicated and unnecessary single unit of blood for a transfusion conducted during Battle's hysterectomy of February 9, 1982. Allegedly, as a result of Bieling's negligent conduct in ordering the blood, Battle contracted Acquired Immune Deficiency Syndrome (AIDS). Both Bieling and Atlanta Obstetrics denied liability. After the commencement of discovery, both moved for summary judgment, and the motion was denied by the trial court. We granted their application for interlocutory review of the trial court's denial of the motion.

In her deposition of April 26, 1990, Battle stated that she was in good health prior to 1982. She further stated therein that her gynecologist advised her that she had developed a thyroid tumor[1] and her family physician referred her to Bieling for the removal of the tumors. During the surgery performed for the removal of the tumors, she received a blood transfusion. However, the possibility of a blood transfusion was not previously discussed with her by Bieling. Approximately five or six days after her initial release from the hospital, Battle was readmitted to the hospital based upon her complaints of fevers and chills. At that time, a battery of tests was conducted and the results of the testing were negative. During the second hospitalization Battle had another blood transfusion ordered by Dr. Bieling. Upon her release from the hospital following the second hospitalization, Battle underwent periods of time in which she felt infirm. Although she sought medical treatment for her weakened condition from Dr. McClatchey in 1983 and 1989 and thought that she might possibly have AIDS, it was not until January 1989, that she was diagnosed with the disease. Battle maintains that she is not an IV drug user and her sexual activity has been limited to her two husbands prior to their deaths.[2] She contends that her past behavior eliminates two of the known risk factors associated with the disease, and concludes that she acquired the disease during the first blood transfusion. This conclusion is, in part, based upon her infirm condition after the hysterectomy which warranted hospitalization. Based upon an investigation of the possible donors of the unit of blood in question, Battle maintains that one of the three donors had the AIDS virus. It is undisputed and Battle admits in interrogatory answers that *the*

---

[1] The medical records show that Battle was diagnosed with uterine fibroids (tumors) and rectal bleeding on February 7, 1982.

[2] Battle's first husband died of a heart attack while her second husband died of cancer. There is nothing in the record that establishes that either of her husbands was not HIV positive at the time of their deaths.

*transmission of AIDS was not a known risk of blood product use recognized in the medical community in February 1982.*

In his affidavit filed in support of the motion for summary judgment, Bieling, a board-certified obstetrician and gynecologist, opined that the care and treatment rendered to Battle was within that degree of skill and care which, under similar conditions and like surrounding circumstances, is ordinarily employed by the medical profession generally. Before he concluded that a blood transfusion was necessary during Battle's hysterectomy, he mentally performed a risk benefit analysis to determine the necessity for transfusing Battle and considered those risks of blood transfusions which were known within the medical community generally. AIDS as a risk of a blood transfusion was completely unknown at that time, and Bieling would have had no reason to advise Battle of the risk of same. As she was not injured by any of the known risks of receiving a blood transfusion, of which Bieling might have advised her, his failure to do so is of no consequence. On admission for a total hysterectomy on February 9, 1982, Battle's admitting diagnosis was fibroids and rectal bleeding. During surgery, Battle was diagnosed as having excessive bleeding and Dr. Bieling concluded that she needed the blood transfusion because of her below normal blood count and because of the sudden, rapid blood loss in the early stages of the surgery.

1. Bieling and Atlanta Obstetrics assert that the trial court erred in failing to grant their motion for summary judgment because Battle's claim is barred by the statute of repose prescribed in medical malpractice actions in OCGA § 9-3-71. We agree.

Generally, "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." OCGA § 9-3-71 (a). Subsection (b) of that same Code section, however, provides that "[n]otwithstanding subsection (a) . . . in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." Although the legislature did not specifically indicate therein that this statute of ultimate repose could not be applied to injuries which occurred prior to July 1, 1985, the appellate courts of this state have repeatedly applied OCGA § 9-3-71 (b) to causes of actions which accrued prior to the enactment of the statute. Recently, in *Bradway v. American Nat. Red Cross*, 263 Ga. 19 (426 SE2d 849) (1993), in an action filed in 1987 by a plaintiff alleging that she contracted AIDS when she received a blood transfusion during a surgical procedure in 1983, our Supreme Court held that the action was one of medical negligence subject to the statutes of limitation and repose found in OCGA § 9-3-71. Earlier, in *Hunter v. Johnson*, 259 Ga. 21, 22 (4) (376 SE2d 371) (1989), a 1987 action for damages resulting from alleg-

edly negligent treatment which occurred in 1984, the Supreme Court, in affirming the trial court's denial of the physician's motion for summary judgment, applied the 1985 amendment to OCGA § 9-3-71 (b) to a cause of action arising in 1984. The statute of limitation contained in OCGA § 9-3-71 (a) mandates the filing of a medical malpractice action within two years after the date on which the injury or death arising from a negligent or wrongful act or omission occurs, while the statute of repose contained within the same Code section, limits the filing of a medical malpractice action, abrogating any action filed more than five years after the date on which the negligent or wrongful act or omission occurred. Inasmuch as the alleged negligent act occurred on February 9, 1982, and the action was filed February 6, 1990, we may resolve this case under the statute of repose, OCGA § 9-3-71 (b), which bars actions for medical malpractice brought more than five years after the wrongful *act* or omission *occurred* and without considering OCGA § 9-3-71 (a), which provides a two-year statute of limitation for the filing of an action for medical malpractice measured from the *date* on which *an injury* or death arising from a negligent or wrongful act or omission *occurred*. There are no applicable tolling exceptions as provided by OCGA § 9-3-73 herein involved.

Regardless of the desirability of arriving at a particular state of the law, this court has no authority to legislate, and any such changes such as the measuring point of the statute of repose must be addressed to the legislature, unless the subject statute is unconstitutional, which is not within this court's authority to declare. " '[W]here a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. (Cits.)' [Cit.]" *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

The subject action was brought more than five years after the date of the alleged negligent act, and is clearly barred by the statute of ultimate repose. "Pursuant to OCGA § 9-3-71 (b), no action for medical malpractice may be brought after five years from the date of the alleged negligent act *even if the injury arising from that act did not occur within five years.*" (Emphasis supplied.) *Whitaker v. Zirkle*, 188 Ga. App. 706, 707 (1) (374 SE2d 106) (1988).

Although Battle asserts that the statute of repose violates Art. I, Sec. X, Par. I, of the Georgia Constitution, which prohibits the retroactive application of statutes, the *Hunter* court noted that "there is no question of retroactivity here, as the amended (1985) version of OCGA § 9-3-71 *was in effect at the time that the action was filed.* There being no attack upon the validity of the amended statute, nothing in it compels the conclusion that the amended version should not apply to actions filed after its effective date." *Hunter*, supra at 22.

(Emphasis supplied.) Although Battle asserts otherwise, *Hunter* involved the application of both the statute of limitation as well as the statute of repose found in OCGA § 9-3-71. Contrary to the contentions espoused by Battle, we have noted that "[s]tatutes of limitation and statutes of repose 'look only to remedy and not to substantive rights,' see *Dixie Constr. Co. v. Williams*, 95 Ga. App. 767, 770 (98 SE2d 582), and thus under certain conditions can be applied retroactively. [Cit.]; OCGA § 1-3-5." *LFE Corp. v. Edenfield*, 187 Ga. App. 785, 787 (371 SE2d 435) (1988).

In *Lasoya v. Sunay*, 193 Ga. App. 814, 815 (1) (389 SE2d 339) (1989), based upon our application of the five-year statute of repose in OCGA § 9-3-71, we noted that the plaintiff was summarily precluded from recovering damages in an action filed in 1987 for allegedly negligent conduct which occurred in 1981. Additionally, in *Schmidt v. Parnes*, 194 Ga. App. 622 (1) (391 SE2d 459) (1990), we affirmed the trial court's grant of summary judgment in favor of the dentist because the plaintiff did not file the action until 1987 involving an allegedly negligent event that occurred in 1981.

In the case sub judice, "[a]s the complaint was *filed* after the effective date of the statutory amendment, no issue of retroactivity is involved (*Hunter v. Johnson*, 259 Ga. 21 (3) (376 SE2d 371)), and the statute as amended governs (*LFE Corp. v. Edenfield*, [supra])." *Mansfield v. Pannell*, 194 Ga. App. 549, 550 (390 SE2d 913) (1990). We conclude that the statute of ultimate repose contained within OCGA § 9-3-71 (b) is controlling and bars the adjudication of this action. Consequently, Bieling and Atlanta Obstetrics were entitled to summary judgment as a matter of law.

2. Additionally, under the facts of this case, Bieling and Atlanta Obstetrics were entitled to summary judgment as a matter of law because it is undisputed that the contraction of AIDS by Battle was not the natural or foreseeable proximate result of a blood transfusion known within the medical community in 1982. " '[P]hysicians are under the duty to exercise only such reasonable care in looking after and protecting a patient that the patient's condition, which is known by the physician, may require. Accordingly, no physician is required to guard against or take measures to prevent that which a reasonable physician under similar circumstances would not see or anticipate as likely to happen.' . . . [Cit.]" *Brannen v. Prince*, 204 Ga. App. 866, 870 (6) (421 SE2d 76) (1992). Assuming for the purpose of this review that Battle contracted AIDS from the blood transfusion during her hysterectomy, Battle does not dispute that the general medical community could not have anticipated in 1982 that AIDS was a natural, foreseeable risk associated with a blood transfusion as such connection had not been made at that time and was not a part of general medical knowledge. Liability of a physician for malpractice must be

based on fault. To make the physician liable for damages arising out of a risk of which neither the physician nor the general medical community is aware, is to make the physician the insurer of the patient, which the law does not allow. As the Supreme Court noted in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), in opposing a motion for summary judgment, "the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Although Battle maintains that the issue of foreseeability is more appropriately a jury determination based upon *Atlanta Ob. & Gyn. Group, P. A. v. Coleman*, 260 Ga. 569 (398 SE2d 16) (1990), the case sub judice is distinguishable. In *Coleman*, the record was replete with factual disputes whereas the facts in the present case are undisputed. Accordingly, the trial court erred in failing to grant summary judgment in favor of Bieling and Atlanta Obstetrics.

*Judgment reversed. Johnson and Smith, JJ., concur.*

Decided June 24, 1993 — Reconsideration denied July 30, 1993 — ▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*Alston & Bird, Judson Graves, Holly B. Barnett*, for appellants. *William Q. Bird*, for appellee.