A95A0991. KELLY v. CITY OF ATLANTA et al.
(457 SE2d 675)

BIRDSONG, Presiding Judge.

Appellant Joseph L. Kelly appeals from the dismissal of his petition for declaratory judgment seeking to enjoin appellee City of Atlanta et al. from imposing alleged illegal property taxes for school purposes upon the taxpayers of the City of Atlanta. This appeal was transferred to this court by the Supreme Court of Georgia, which de-

termined the trial court had made no ruling as to the constitutional issue being asserted by appellant.

On July 1, 1994, appellant/plaintiff filed a petition for declaratory judgment on behalf of himself and all other persons owning taxable tangible property within the city limits of Atlanta. Named as defendants were the City of Atlanta, the Atlanta School District, members of the Atlanta Board of Education in their official capacities, and the Tax Commissioner of Fulton County in her official capacity. The two-count petition averred that the Revenue Sharing Agreement between the City of Atlanta and Fulton County, which allocated the proceeds of a local option sales tax according to a stated percentage for each governmental entity, was void and that the School District's collection of ad valorem taxes in excess of 20 mills violated the Constitution of Georgia of 1983. The petition sought a declaratory judgment consistent with the foregoing, a permanent injunction as to collection and distribution of the averred illegal taxes, and an interlocutory injunction impounding tax amounts collected in excess of 20 mills. By the time a hearing was held as to this matter, substantially all of the collectible ad valorem taxes due in the City of Atlanta (88 percent of a projected collectible total of 91 percent) had been levied, collected and disbursed. The trial court denied the petition for declaratory judgment on the grounds, inter alia, that under the attendant circumstances there existed no present, concrete controversy subject to disposition by declaratory action, and that as the taxes appellant seeks to enjoin appellees/defendants from collecting are no longer under their control, appellant is limited to the post-deprivation remedies of the tax refund statute, OCGA § 48-5-380. *Held*:

1. The Supreme Court's refusal to review appellant's constitutional challenge mandates the finding that his contentions of error on constitutional grounds are without merit. *Johnston v. Atlanta Humane Society*, 173 Ga. App. 416, 418 (326 SE2d 585). Moreover, constitutional challenges lie within the exclusive jurisdiction of the Supreme Court. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). Further, the transfer of this appeal to this court by the Supreme Court is also tantamount to a ruling eliminating and resolving the equitable and injunctive issues which lie only within the jurisdiction of that court to determine. *Ryles v. First Oglethorpe Co.*, 213 Ga. App. 327, 330 (2) (444 SE2d 578).

2. Appellant asserts the trial court erred in dismissing the petition for declaratory judgment, based on the availability of a refund remedy under OCGA § 48-5-380, and erred in dismissing the action because no interlocutory relief was granted prior to collection of the alleged illegal taxes for the year in which the petition was filed. We find these enumerations to be without merit.

The levied taxes at issue in this case had been substantially collected and disbursed. "Georgia statutes make declaratory judgment relief available *prior to payment* of disputed taxes 'to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.' " (Emphasis supplied.) *James B. Beam Distilling Co. v. State of Ga.*, 263 Ga. 609, 613 (5) (437 SE2d 782). Once deprivation of property has occurred through payment of a substantial amount of the disputed taxes, declaratory judgment no longer is available, as at that point the rights of the parties have already accrued. A petition for declaratory judgment will not lie " 'where all rights of the parties have already accrued and where no facts or circumstances are alleged showing a necessity for adjudication in order to relieve the plaintiff from the risk of taking future undirected action, which, without such action, would jeopardize the plaintiff's interest.' " *Ridgeview Institute v. Brunson*, 191 Ga. App. 608, 610 (382 SE2d 409); compare *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 278 (2) (390 SE2d 269) (rights under policy had accrued), aff'd 260 Ga. 203 (391 SE2d 649). Moreover, OCGA § 48-5-380 provides a clear and adequate refund remedy for appellant. In *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 210-211 (367 SE2d 43), it was held: "If a remedy at law is plain and adequate, that is, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity, it will exclude appropriate equity relief. . . . Further, in addition to barring injunctive relief, this rule bars the issuance of a declaratory judgment or mandamus." Accord *Arnold v. Gwinnett County Bd. of Tax Assessors*, 207 Ga. App. 759 (429 SE2d 146).

Additionally, in *Brown v. Wright*, 231 Ga. 686, 688 (203 SE2d 487) the court held that it was too late to wait until midyear to enjoin an appropriation substantially disbursed and concluded that "[e]ven though some collections remain to be made and a small percentage of State funds remains to be paid out, the issues raised by this case as to [the challenged disbursements] are moot." In *Acree v. Walls*, 240 Ga. 778, 787 (2) (243 SE2d 489), it was held that "the denial of injunctive relief now presents a moot question" where the taxes had already been collected on a temporary basis, the revenue commissioner had already approved the tax list, and no supersedeas was obtained from the orders of the trial court refusing to enjoin such action. Accordingly, as a general rule, a suit for injunctive relief regarding the collection of alleged illegal taxes should not be entertained by the courts if the taxes at issue have been substantially collected and disbursed.

*Reich v. Collins*, 263 Ga. 602 (437 SE2d 320), rev'd *Reich v. Collins*, 513 U. S. \_\_\_\_ (115 SC 547, 130 LE2d 454) appears to be distinguishable and not controlling in this case. Appellant's contentions in support of his enumerations of error are without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

Decided May 2, 1995.

*Proctor & Associates, Robert J. Proctor,* for appellant.
*Joseph L. Kelly,* pro se.
*John R. Myer, W. Roy Mays III, Joe M. Harris, Jr., Holland & Knight, Joseph D. Young, Amy M. Totenberg,* for appellees.