A96A0659. BRADEN v. BELL et al.
(473 SE2d 523)

BIRDSONG, Presiding Judge.

Steven Meredith Braden by his wife Martha Braden appeals the grant of judgment on the pleadings to H. V. Bell, Jr., M.D., H. D. Meltzer, M.D., the estate of H. D. Meltzer, M.D., Bell-Meltzer Pathology Group, P.A., and South Fulton Hospital n/k/a South Fulton Medi-

cal Center, Inc., in Braden's action for wrongful death and medical malpractice. The complaint was filed on June 1, 1995, alleging that appellees committed medical malpractice in March 1984 by failing to diagnose that Steven Meredith Braden had a malignant carcinoma of the testes that caused Steven Meredith Braden's death on June 3, 1993. The complaint further alleged that the misdiagnosis was discovered in January 1988 when Steven Meredith Braden sought further medical treatment. The complaint was supported by an expert's affidavit which stated he had reviewed the slides taken in March 1984 and found that appellees had misdiagnosed Steven Meredith Braden's cancer.

After appellees answered the complaint and denied liability, they filed a motion for judgment on the pleadings which asserted that the action was barred by the five-year medical statute of repose contained in OCGA § 9-3-71 (b) because the complaint alleged that the medical malpractice was committed in March 1984, but the complaint was not filed until June 1, 1995. OCGA § 9-3-71 (b) provides that "[n]otwithstanding subsection (a) of this Code section, in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred." Subsequently, the trial court granted the motion for judgment on the pleadings and Braden appealed that decision to our Supreme Court because the appeal contended OCGA § 9-3-71 (b) was unconstitutional.

Finding that "any constitutional issue in this appeal merely involves the application of established constitutional law to the facts of [this] case," the Supreme Court transferred the case for our consideration. Braden alleges that the trial court erred by failing to treat the motion for judgment on the pleadings as a motion to dismiss for failure to state a claim; erred by finding that OCGA § 9-3-71 (b) does not violate the equal protection guarantees of the Constitutions of the State of Georgia and of the United States; erred by finding that the rational basis test was the proper standard to apply when considering whether OCGA § 9-3-71 (b) violated the equal protection clauses; erred by failing to find that the five-year period in OCGA § 9-3-71 (b) was arbitrary; erred by not finding that OCGA § 9-3-71 (b) infringed on Braden's substantive rights; erred by finding that retroactive application of OCGA § 9-3-71 (b) does not violate the Constitution of the State of Georgia; erred by finding that the negligent act or omission in OCGA § 9-3-71 (b) was complete in March 1984; and erred by granting judgment on the pleadings. *Held*:

1. Our Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into ques-

tion. Art. VI, Sec. VI, Par. II (1) of the Georgia Constitution." *Atlanta Independent School System v. Lane*, 266 Ga. 657 (1) (469 SE2d 22). Further, if the Supreme Court has jurisdiction over a case because of this constitutional provision, it "will not transfer that case, but will issue a decision addressing the merits of the constitutional issues raised therein." Id. at 658. Thus, although this Court can no longer deem the transfer of an appeal to this Court as a determination by the Supreme Court that no meritorious constitutional issue was presented (id.), appellate review in this Court ultimately is not affected because this Court has no jurisdiction to address a constitutional issue, except in limited circumstances. This Court has no jurisdiction to determine the constitutionality of a state law (*Burke v. State*, 205 Ga. 520, 521 (54 SE2d 348)), other than where the law has been held to be constitutional against the same attack being made (*Blackwell v. State*, 180 Ga. App. 253, 254 (349 SE2d 13)), and only "has jurisdiction to decide questions of law that involve the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution of a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States." *Pollard v. State*, 229 Ga. 698 (194 SE2d 107). Further, "[when] a law has been held to be constitutional as against the same attack being made, the case requires merely an application of unquestioned and unambiguous constitutional provisions and jurisdiction of the appeal is in the Court of Appeals. *Huguley v. State*, 225 Ga. 191 (2) (167 SE2d 152) (1969)." *Zepp v. Mayor &c. of Athens*, 255 Ga. 449, 451 (339 SE2d 576). Moreover, constitutional issues not raised and ruled on below are not preserved for appeal. *Ogletree v. State*, 211 Ga. App. 845, 846 (440 SE2d 732).

This appeal was transferred because our Supreme Court deemed the constitutional issues presented merely to involve the application of established constitutional law to the facts. Thus, as OCGA § 9-3-71 (b) has previously been held constitutional despite similar attacks (*Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657 (437 SE2d 308); *Kumar v. Hall*, 262 Ga. 639 (423 SE2d 653)), all of Braden's enumerations of error based on arguments that OCGA § 9-3-71 (b) in some manner violates the Constitutions of the State of Georgia or of the United States, including Braden's contention that OCGA § 9-3-71 (b) is arbitrary and infringes on substantive rights, are without merit.

2. Braden's contention that the trial court erred by failing to treat the motion for judgment on the pleadings under OCGA § 9-11-12 (c) as a motion to dismiss for failure to state a claim upon which relief can be granted is also without merit. When a party moving for judgment on the pleadings, as in this case, does not introduce affida-

vits, depositions, or interrogatories in support of his motion, the motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *Sulejman v. Marinello*, 217 Ga. App. 319, 320 (457 SE2d 251). See Ga. Prac. & Proc., § 9-7, p. 280 (1995 ed.). Because the averments in the complaint clearly show that the negligent or wrongful act or omission occurred in March 1984 and the complaint was not filed until June 1995, the complaint is barred by OCGA § 9-3-71 (b) and the trial court did not err by granting judgment on the pleadings to appellees.

3. Braden's contention that the trial court erred by failing to find that the act of medical malpractice was not complete until Steven Meredith Braden's death is also without merit. OCGA § 9-3-71 (b) is "intended to create a five-year statute of ultimate repose and abrogation." OCGA § 9-3-71 (c). Therefore, OCGA § 9-3-71 (b) bars an action from being brought more than five years from the negligent act or omission; if the injury occurs outside that period it is not actionable. *Bieling v. Battle*, 209 Ga. App. 874, 876-878 (434 SE2d 719); *Hill v. Fordham*, 186 Ga. App. 354, 357-358 (367 SE2d 128).

Therefore, for the reasons stated above, the trial court did not err by granting appellees' motion for judgment on the pleadings.

*Judgment affirmed. Blackburn, J., concurs and concurs specially. Beasley, C. J., concurs specially.*

BLACKBURN, Judge, concurring and concurring specially.

I agree fully with the majority opinion that the law is as stated therein. I think statutes of limitation and repose which allow only a narrow window within which an injured party may sue are inappropriate and the passage of time which erodes evidence, memories and the availability of witnesses, works primarily to the detriment of the plaintiff, not the defendant, as it is the plaintiff who has the burden of proof. Apparently memories are better in cases involving instruments under seal and other cases where a 20-year statute of limitation applies. The intention of the legislature is clear, however, and I am bound by the decisions of our Court and of the Georgia Supreme Court.

BEASLEY, Chief Judge, concurring specially.

I concur in the conclusion that the suit was barred by the statute of repose, OCGA § 9-3-71 (b). The action was not even filed within five years from discovery of the alleged misdiagnosis in January 1988, much less within five years of the alleged misdiagnosis. As the Supreme Court recognized in *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 660 (437 SE2d 308) (1993), even if the injury from the negligent act occurs outside the period legislatively designated for the accrual of rights (here five years), it is not actionable because the

passage of time abolishes the cause of action.

One of the policy considerations for making a right of action finite is the practical recognition that time erodes evidence, memories, and the availability of witnesses. *Craven*, supra at 659, referring to *Clark v. Singer*, 250 Ga. 470, 472 (298 SE2d 484) (1983). The fulfillment of that purpose is evident on the face of the complaint here, as one of the doctors accused of malpractice, Dr. Meltzer, has died in the interim and thus will be unable to defend the actions he took or did not take in 1984. The risk of this happening increases over the course of time. Of course, on the plaintiffs' side is the fact that a wrongful death action could not be brought until June 3, 1993, the date of Steven Braden's death, although a suit for medical malpractice did not have to await the happening of that extreme end of the continuum of injury.

The majority opinion recites some of the enumerations of error posed by appellants. In addition, appellants enumerate as errors the rejection of the claims that the statute is fundamentally unfair and violates the Georgia Constitution, Art. I, Sec. I, Pars. I, II, XII, and XXVIII; and that it violates state and federal constitutional due process requirements. In the trial court, plaintiffs attacked constitutionality on three bases: state constitutional equal protection (Ga. Const. Art. I, Sec. I, Par. II), as to which they urged adoption of the dissent in *Craven*, supra; the constitutional prohibition of retroactive law (Ga. Const. Art. I, Sec. I, Par. X), as to which they relied on the dissent in *Wright v. Robinson*, 262 Ga. 844 (426 SE2d 870) (1993); and, in composite, fundamental fairness as embodied in the Georgia Constitution, Art. I, Sec. I, Pars. I, II, XII and XXVIII, and the due process and equal protection clauses of the federal constitution.

The trial court was cognizant of the various bases propounded in support of unconstitutionality, reciting them in its order, and it expressly rejected each ground. Thus, having been properly raised and ruled on, these separate bases were ripe for appellate determination of their merits. *Blackston v. Dept. of Natural Resources*, 255 Ga. 15, 17-18 (1) (334 SE2d 679) (1985). Compare *Kelly v. City of Atlanta*, 217 Ga. App. 365 (457 SE2d 675) (1995). See *Atlanta Independent School System v. Lane*, 266 Ga. 657 (469 SE2d 22) (1996).

Nevertheless, the Supreme Court transferred the appeal to this Court, giving the reason that only the application of established constitutional law is involved, as the majority recites. However, *Craven*, supra, only resolved the equal protection issue, and *Kumar v. Hall*, 262 Ga. 639, 644 (2) (423 SE2d 653) (1992), addressed only the constitutionality of OCGA § 9-3-73 (b), not OCGA § 9-3-71 (b), and then only against an attack that it violated equal protection and due process guarantees under the state and federal constitutions. Thus it appears that all constitutional grounds have not been resolved by the

Supreme Court. I do not agree in the majority's ostensible ruling that these grounds are without merit. We are without jurisdiction to decide them. Ga. Const. Art. VI, Sec. VI, Par. II (1); *Harper v. State*, 213 Ga. App. 611, 612 (1) (445 SE2d 300) (1994).

I also cannot concur in the statement that "this court has no jurisdiction to address a constitutional issue, except in limited circumstances." Majority at 146. We often, properly, decide issues of whether behavior is constitutionally permissible or not, such as in search and seizure cases and in Section 1983 actions. The *application* of both state and federal constitutional protections is left to this court to review. This is illustrated in *Atlanta Gas Light Co. v. Ga. Pub. Svc. Commn.*, 212 Ga. App. 575, 576 (442 SE2d 860) (1994).

Finally, I do not concur in the exception stated as "other than" to our lack of jurisdiction to determine the constitutionality of a state law. There is no exception. What *Blackwell v. State*, 180 Ga. App. 253, 254 (349 SE2d 13) (1986), describes "as exception" is not an exception at all. Application of what has already been settled by the Georgia Supreme Court or the United States Supreme Court involves a different inquiry altogether; it takes constitutionality as a given, not as an issue.

DECIDED JUNE 14, 1996 —
RECONSIDERATION DENIED JULY 9, 1996 — ■

*The Johnson Law Firm, A. Blair Dorminey*, for appellant.
*Sullivan, Hall, Booth & Smith, Michael A. Pannier*, for appellees.