A97A0421. CITY OF ATLANTA v. BANKHEAD ENTERPRISES, INC. et al.
(482 SE2d 466)

BLACKBURN, Judge.

This case arises out of the City of Atlanta's rejection of a contractor's bid for a city construction contract. The city's initial determination that the bid failed to comply with the equal business opportunity provisions of the city code was reversed by an administrative hearing officer. The superior court affirmed the hearing officer's decision. We granted the city's discretionary appeal, and affirm the superior court's order.

In August 1995, the city solicited sealed bids for a construction project. The Atlanta City Code requires that contractors bidding on a project obtain a certain level of minority participation in the project, or else obtain a waiver of such requirements. City Code Section 5-5170. Only minority subcontractors certified by the city are credited toward this minority participation requirement.

Bankhead Enterprises, Inc. (Bankhead) submitted a bid on August 30, 1995. In preparing its bid, Bankhead obtained from the city a list of certified minority subcontractors. However, Bankhead was unable to locate enough qualified subcontractors from that list to satisfy the city's minority participation requirements, and therefore requested a waiver. Although Bankhead's was the lowest bid received, the city's Office of Contract Compliance (OCC) determined that it did not comply with the city code, and denied Bankhead's request for a waiver.

Bankhead appealed this decision to an OCC hearing officer, who was authorized by the city code to conduct an evidentiary hearing and affirm, alter, or reverse the OCC decision. City Code Section 5-5178. At the initial hearing on the appeal, it was discovered that the

list of certified minority subcontractors that had been provided to Bankhead by the city was an incomplete list. Accordingly, the hearing officer, with the consent of the city's attorney, continued the hearing and allowed Bankhead to submit a revised bid utilizing the complete list. Bankhead was able to locate additional qualified minority subcontractors, and submitted a revised list of such subcontractors which the city admitted complied with its minority participation requirements. However, when the hearing was renewed, the city announced that it would not consider the revised bid, since it was submitted after bidding had closed. At this point, the hearing was continued for a second time.

Following a third hearing, the hearing officer reversed the OCC decision and found that Bankhead was in compliance with the city code for two reasons. First, he found that the bid as originally filed was compliant because Bankhead had exercised good faith in attempting to meet the minority participation requirements, and was thus entitled to a waiver. Second, he found that the bid as revised was in compliance and should be considered.[1]

1. The city contends the hearing officer erred in finding that Bankhead's original bid was compliant. The city argues that such finding was erroneous because Bankhead did not provide sufficient documentation of its good faith efforts to satisfy the city's minority participation requirements. On appeal, the superior court's order affirming the hearing officer's decision must be affirmed if there was any evidence to support the decision of the hearing officer. See *Emory Univ. v. Levitas*, 260 Ga. 894, 897-898 (401 SE2d 691) (1991).

The city code requires a waiver request to contain evidence of the bidder's good faith efforts to satisfy the minority participation requirements, and specifies certain documentation which shall be included. City Code Section 5-5170 (2), (3). However, the code does not state that the failure to provide any of the items listed absolutely precludes a finding of good faith or the granting of a waiver request. It is apparent that many of the items listed will not be applicable to all waiver requests. The code itself recognizes that strict compliance with the documentation requirements is not necessary for the granting of a waiver request, by stating that "the [OCC] *may* declare the

---

[1] The city code provides that, if a contractor is successful on appeal, it will be found in compliance and permitted to submit a bid in response to the city's solicitation. The code further states that the hearing officer's decision on appeal shall be rendered before the contract is awarded. City Code Section 5-5178 (5). However, notwithstanding Bankhead's appeal of the initial OCC decision, the city subsequently awarded the contract to another bidder, and the project has apparently been completed. Accordingly, it appears that Bankhead's rights following the resolution of this appeal will be limited to seeking recovery of damages from the city. Bankhead asserted a counterclaim in superior court seeking such damages, and it appears from the record that such counterclaim remains pending.

bid or offer nonresponsive where the director determines a bidder . . . [f]ails to meet the requirements for a total or partial waiver." (Emphasis supplied.) City Code Section 5-5171 (5) (d). Furthermore, the appellate procedures set forth in the city code expressly grant the hearing officer the authority to affirm, alter, or reverse the OCC's finding.

In its original bid package, Bankhead provided written information regarding its efforts to locate qualified minority subcontractors, utilizing forms provided by the city for this purpose. At the hearings, Bankhead provided testimony that its failure to locate sufficient minority subcontractors was due solely to the fact that the city had provided Bankhead with an incomplete list of certified subcontractors. Accordingly, as there was documentary and testimonial evidence to support the hearing officer's finding of good faith, such finding will not be reversed on appeal. See *Southern Business Machines v. Norwest Financial Leasing*, 194 Ga. App. 253, 258 (390 SE2d 402) (1990) (where good faith is contested, existence of good faith is a question of fact for the factfinder).

2. The city contends the hearing officer erred in considering evidence that Bankhead's was the lowest bid, arguing that the only issue for consideration was whether the bid complied with the applicable code provisions regarding minority participation. This argument is without merit, as the record clearly shows that the hearing officer's decision was not based on the amount of Bankhead's bid, but on its good faith in attempting to comply with the code.

3. Our holding above renders it unnecessary to address the city's contention that the hearing officer erred in admitting Bankhead's revised bid.

4. In *City of Richmond v. J. A. Croson Co.*, 488 U. S. 469 (109 SC 706, 102 LE2d 854) (1989), the United States Supreme Court held that the Fourteenth Amendment requires strict scrutiny of all race-based action by state and local governments, regardless of whether such action is intended to benefit a minority group. 102 LE2d at 881-882; see also *Adarand Constructors v. Pena*, 515 U. S. ___ (115 SC 2097, 132 LE2d 158, 178-179) (1995) (extending holding in *Croson* to action by federal government). To withstand such strict scrutiny, racial classifications "must serve a compelling governmental interest, and must be narrowly tailored to further that interest." *Adarand Constructors*, 132 LE2d at 187.

Applying *Croson*, the Supreme Court of Georgia struck down a 1982 Atlanta ordinance similar to the present one, holding that the city had not shown a strong basis in evidence for its conclusion that remedial action was necessary and that the ordinance was not narrowly tailored to remedy prior discrimination. *American Subcontractors Assn. v. City of Atlanta*, 259 Ga. 14, 17-21 (376 SE2d 662) (1989).

The city adopted the current ordinance in an attempt to comply with *Croson* and *American Subcontractors*.

Given the similarity between the ordinance in the present case and those struck down in *Croson* and *American Subcontractors*, it is questionable whether the present Atlanta ordinance could meet constitutional muster. However, as this issue has not been raised below, and as this Court has no jurisdiction to determine the constitutionality of an ordinance, we do not rule on such issue. *Braden v. Bell*, 222 Ga. App. 144, 146 (473 SE2d 523) (1996).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 25, 1997.

*Clifford E. Hardwick IV, Rosalind A. Rubens, Rory K. Starkey*, for appellant.

*Hopkins & Gresham, Thomas P. Gresham, Michael A. Penn*, for appellees.