### A00A1439. DAVIS v. THE STATE.
(536 SE2d 563)

MIKELL, Judge.

Douglas Edward Davis and Kenneth Mack Reed were jointly indicted, tried, and convicted of armed robbery and aggravated assault. Reed was also convicted of possession of a firearm during the commission of a crime. The trial court sentenced Davis and Reed to serve 20 years concurrently for each offense. Reed was sentenced to serve an additional five years for the firearms offense. Davis appeals. In his sole enumeration of error, Davis argues that the circumstantial evidence did not exclude every reasonable hypothesis except that of his guilt. We disagree and affirm.

Evidence adduced at trial revealed that on December 28, 1997, at 4:30 a.m., three men, who wore woolen caps to obscure their faces, robbed a Speedway convenience store on Tara Boulevard in Jonesboro. Doris Hanzard, the manager, testified that she saw two masked men, and heard a third man, enter the store. One man, armed with a gun, leaped over the counter and pushed Hanzard to the floor. The man threatened to kill her unless she opened the cash register drawer. When Hanzard rose to open the drawer, she saw the second robber, armed with a butcher knife, trying to open the coin changer. The first robber demanded she explain how to open it, and Hanzard complied. A second employee, Audrey Oliver, was in the back mopping the floor. The robber with the knife ordered Oliver to lie on the floor. The third man walked outside. The robber with the gun demanded Hanzard's car keys. He took them and ordered Hanzard to get back on the floor. She heard the car start, then called 911.

The stolen vehicle was found one-half mile from the Speedway, parked in a muddy subdivision that was still under construction. Deputy Sheriff Ethel W. Harris discovered Davis and Reed in the area of the stolen vehicle around 5:00 a.m. Davis and Reed were caked with mud "up to their knees." When Reed tried to flee, Harris grabbed Davis. Other officers chased and apprehended Reed.

Police found $138 in cash, including 58 $1 bills, on Davis's person. Davis claimed the money came from a paycheck he had cashed. Reed possessed "wads of cash," which he admitted belonged to Speedway. After Reed was apprehended and *Mirandized*, he insisted upon being returned to Speedway to apologize to Hanzard. Additionally, after Reed was taken into custody, he gave an audiotaped confession, which was admitted into evidence.

The defendants testified and denied committing the crimes. Reed claimed he went to Davis's home the evening the robbery was committed. However, according to Reed, Davis's mother asked Reed to leave, and the two men walked around all night until they noticed the police cars. Davis testified that Reed left Davis's house at approximately 11:30 p.m., after which Davis stayed home all night. Davis claimed that Reed returned to Davis's house at "5:05 or 5:15." According to Davis, Reed stated he was locked out of his house, so Davis and Reed walked over to Reed's house, saw no lights on, and continued walking around. To support the verdict, "[c]ircumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt."[1] The reasonableness of a defendant's explanation of circumstantial facts or an alternative hypothesis of events is a matter for the jury, and,

> [t]his court will not substitute its judgment as to what is a reasonable hypothesis for that of the jury or the trial court. Neither is the jury obliged to accept defendant's explanation of circumstantial facts. After having heard the witnesses and having observed them testify, the jury is more capable of judging . . . the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law.[2]

Viewing the evidence in the light most favorable to the verdict, we conclude that the jury rationally could have excluded every reasonable hypothesis except that of Davis's guilt. The victims' testimony established that three men participated in the crimes in question. Reed's videotaped apology and audiotaped confession established his guilt beyond a reasonable doubt. Davis, who was apprehended with Reed shortly after the crime was committed, offered no plausible explanation for his possession of 58 $1 bills. Davis and Reed gave conflicting testimony as to Davis's whereabouts during the time the offenses were committed. Accordingly, the record reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Davis was guilty as a party to the crimes of armed robbery and aggravated assault.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 28, 2000.

*Patricia F. Angeli,* for appellant.

---

[1] *Smith v. State,* 257 Ga. 381, 382 (359 SE2d 662) (1987).
[2] (Citations and punctuation omitted.) *Chews v. State,* 187 Ga. App. 600, 603 (1) (371 SE2d 124) (1988).

*Robert E. Keller*, District Attorney, *Erman J. Tanjuatco, Clifford A. Stitcher*, Assistant District Attorneys, for appellee.