### A09A0176. SILVERS v. THE STATE.
(677 SE2d 410)

MIKELL, Judge.

Billy Silvers appeals a Whitfield County Superior Court order affirming his conviction of driving under the influence (OCGA § 40-6-391 (a) (5))[1] in Whitfield County Probate Court. On appeal, Silvers challenges the sufficiency of the evidence. For the reasons that follow, we affirm.

> On appeal from his criminal convictions, [Silvers] no longer enjoys a presumption of innocence. Rather, we view the evidence in a light favorable to support the verdict, and we neither weigh the evidence nor determine witness credibility. We will uphold the verdict so long as any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt.[2]

So viewed, the record[3] reveals that Robert Pellom testified that he was driving on Dawnville Road near its intersection with State Road 286 in Whitfield County at approximately 7:00 p.m. on December 3, 2005, when he observed a white vehicle driving erratically from behind. Pellom stated that the vehicle passed his car, cut him off by crossing into his lane of travel, then cut off other cars, forcing them off the road before stopping at the stop sign at the intersection. The vehicle forced another car into the intersection and then turned onto State Road 286. While driving, Pellom called the police on his cellular phone and described the car and gave its tag number to the 911 operator. On cross-examination, Pellom stated that he could only see the silhouette of the driver and could not determine the driver's race or sex but that the driver appeared to be a large person.

---

[1] This statute provides that
[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended.

[2] (Footnotes omitted.) *Castaneda v. State*, 292 Ga. App. 390 (664 SE2d 803) (2008).

[3] The record was re-created pursuant to OCGA § 5-6-41 (g) because no court reporter was present during the trial.

Officer R. E. Wheeler of the Whitfield County Sheriff's Department testified that at 6:36 p.m. on the evening in question, a be on the lookout (BOLO) call was issued for a white Chevrolet Corsica, which included the tag number. Approximately 28 minutes later, Wheeler, who was en route to 2045 Upper Ridge Road in Dalton to answer a call regarding a possible disturbance at the residence, observed the vehicle that was the subject of the BOLO call sitting in the driveway of the residence.[4] Silvers answered the door. He told Wheeler that the car was his and that he had been at home. Wheeler testified that he felt the hood of the car, which was warm to the touch. Wheeler further testified that Silvers told him that he had been in the area of Dawnville Road and State Road 286 at approximately 5:30 p.m. and that he had begun drinking alcohol only after he arrived home. Wheeler administered field sobriety tests to Silvers, and Silvers tested positive on the alco-sensor test.

Wheeler arrested Silvers for DUI and transported him to the county jail where an intoxilyzer test was performed, revealing that Silvers' blood alcohol content was 0.145. On cross-examination, Wheeler testified that another man was in the house with Silvers, but no information was taken concerning that man. No other testimony was offered at the trial.

In two separate enumerations of error, Silvers argues that his conviction was based on circumstantial evidence only; thus, it must be reversed because the evidence did not exclude the reasonable hypotheses that another person was driving the car or that Silvers began drinking alcohol after arriving at his home. We disagree.

It is well established that "DUI may be shown by circumstantial evidence only. And it is not necessary that the circumstantial evidence exclude every other hypothesis except that of guilt, but only reasonable inferences and hypotheses."[5] "[I]t is within the province of the [trier] of fact to determine whether or not a defendant's explanation advanced at trial is reasonable or satisfactory."[6] Here, Silvers admitted that he owned and was driving his car, which was the subject of the BOLO, at approximately 5:30 p.m. in the area where the incident occurred. The BOLO call was issued approximately an hour later. Thirty minutes thereafter, the subject vehicle was parked at Silvers' residence. Though Wheeler did not actually see Silvers driving the car, he observed circumstances from which the

---

[4] Wheeler explained that the lookout area encompassed a ten-mile radius, consisting of points between Dawnville Road, State Road 286, and Upper Ridge Road.

[5] (Citation and punctuation omitted.) *Pecina v. State*, 274 Ga. 416, 419 (2) (554 SE2d 167) (2001). See *Dechant v. State*, 294 Ga. App. 23, 24-25 (1) (668 SE2d 501) (2008).

[6] (Citation omitted.) *Akins v. State*, 176 Ga. App. 254 (335 SE2d 486) (1985). See also *Dorris v. State*, 291 Ga. App. 716, 718 (662 SE2d 804) (2008).

trier of fact could infer that Silvers was in actual physical control of the car when the BOLO call was issued; that he drove the car to his home, where he was found by Wheeler in an intoxicated state; and that Silvers was intoxicated when he drove the car.[7] In light of this evidence, the trial court, sitting as the trier of fact, was not required to accept as reasonable the inference or hypothesis that Silvers became intoxicated only after he arrived at his home or that someone else was driving his car.[8] As an appellate court, we will not disturb the trial court's finding that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, unless the verdict of guilty is unsupportable as a matter of law.[9] In the case sub judice, the evidence supports the verdict.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 7, 2009.

Benjamin D. Goldberg, Michael R. McCarthy, for appellant.
McCamy, Phillips, Tuggle & Fordham, Robert H. Smalley III, Curtis A. Kleem, Samuel L. Sanders, for appellee.

---

[7] See *Jones v. State*, 187 Ga. App. 132, 133 (1) (369 SE2d 509) (1988) (jury authorized to infer from observations of police officer, who did not actually see the defendant's car in motion, that the defendant was driving under the influence).

[8] See *Akins*, supra (trial court not required to believe defendant's statement that he became intoxicated at the scene while talking to friends but was not intoxicated at the time of the accident). See also *Martin v. State*, 216 Ga. App. 25, 26 (453 SE2d 498) (1995) (trial court authorized to conclude that it was unreasonable to believe that the defendant became intoxicated within a period of time of less than 25 minutes prior to the officer's arrival); see also *Jones*, supra ("[t]he jury was authorized not to accept an alternative hypothesis offered by appellant") (citation and punctuation omitted); *Fuller v. State*, 166 Ga. App. 734, 735 (1) (305 SE2d 463) (1983) (same). Compare *Krull v. State*, 211 Ga. App. 37, 40 (1) (438 SE2d 152) (1993) (conviction based on circumstantial evidence reversed where there was no previous observation of the car in motion or a warm engine or hood indicating it had been driven recently and evidence was consistent with the hypothesis that the defendant's father was the driver and left the scene to seek help).

[9] See *Fredericks v. State*, 176 Ga. App. 40, 42 (2) (335 SE2d 154) (1985).

