## A10A1174. STOKES v. THE STATE.
### (701 SE2d 219)

SMITH, Presiding Judge.

Brian Stokes appeals from his convictions of habitual violator, leaving the scene of an accident, following too closely, and driving too fast for conditions. He contends the State presented insufficient circumstantial evidence that he was the driver of the truck that left the scene of an accident. We find no merit in this contention and affirm.

> The correct rule for determining the sufficiency of the evidence in convictions based entirely on circumstantial evidence is that questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law. It is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient.

(Citations and punctuation omitted.) *Brooks v. State*, 281 Ga. 514, 515-516 (1) (640 SE2d 280) (2007).

The State presented evidence showing that the victim's car was struck in the rear by a Ford F150 truck driven by a white non-Hispanic man between 20 and 35 years of age with "closely cropped hair," a moustache, and "a shorter stature." When the driver of the truck did not stop, the victim followed it and obtained the license tag number before driving home. The victim lived a mile and a half away and called the police as soon as he arrived home.

At 8:25 p.m., a patrol officer received a dispatch about a hit and run accident and drove to the victim's address where he learned the tag number for the truck that left the scene of the accident. After spending about five minutes talking to the victim, the officer drove to the address on file for the truck, the home of Brian Stokes and his wife. The truck was registered in the name of Stokes's wife.

YALE LAW LIBRARY

When the officer arrived at Stokes's home, he felt the hood of the truck and determined that it was still "warm . . . which indicated that the vehicle had been recently . . . running." He knocked on the door and spoke with Stokes's wife, but was unable to speak with Stokes. Because it was a Friday evening, he asked that Stokes report to the police department the following Monday morning.

The following week, Stokes spoke with the patrol officer and told him that an employee named Trinidad Luiz Hernandez was driving the truck at the time of the accident. Stokes gave the officer a partially completed employee form with an address, date of birth, and social security number for Hernandez. The officer unsuccessfully attempted to locate Hernandez based upon the information provided by Stokes.

An employee of Stokes testified that Hernandez, who worked with them for only a week, drove the truck to Stokes's house after work that day and then never appeared for work again. According to the employee, Hernandez disappeared without collecting all of his pay. He described Hernandez as "a tall Mexican" about "five-ten to six feet."

Stokes's good friend testified that he picked Stokes up from the job site and gave him a ride home on the day of the accident. He testified that he did not give his brother a ride home, although the brother worked for Stokes and lived across the street from him. Instead, he left him at the job site because he was still working, even though it was after 6:00 p.m., raining, and the work involved pouring concrete slabs for an apartment complex. When he left with Stokes, the F150 truck belonging to Stokes's wife was still on the job site.

Stokes admitted that he was at home taking a shower when the officer came to his home shortly after the accident. Evidence presented at trial showed that Stokes had a slight mustache, was five feet six or seven inches tall, and was 35 years old at the time of the accident.

We find this evidence sufficient to support the conclusion that Stokes was the driver of the truck at the time of the accident. The victim testified that the driver was *not* Hispanic, the description of Hernandez does not match the victim's description of the driver, Stokes's appearance does match the victim's description, and Stokes was at home shortly after the accident when the truck's hood was still warm and parked in his driveway. The jury was not

> obliged to accept defendant's explanation of circumstantial facts. After having heard the witnesses and having observed them testify, the jury is more capable of judging the reasonableness of a hypothesis produced by the evidence, or the

lack of evidence, and the defendant's statement, than is a court of law.

(Citations, punctuation and footnote omitted.) *Davis v. State*, 244 Ga. App. 670, 671 (536 SE2d 563) (2000). See also *Silvers v. State*, 297 Ga. App. 362, 362-364 (677 SE2d 410) (2009).
  *Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 7, 2010.

*Chestley N. Merritt*, for appellant.
  *Tom Durden, District Attorney, Jon Hope, Assistant District Attorney*, for appellee.