# Court of Appeals
# of the State of Georgia

ATLANTA,    June 28, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1799.  DOUGLAS EDWARD DAVIS v. THE STATE.**

A jury found Douglas Edward Davis guilty of armed robbery and aggravated assault, and we affirmed his convictions on appeal.  See *Davis v. State*, 244 Ga. App. 670 (536 SE2d 563) (2000).  Approximately twelve years later, Davis filed a "Motion for Out of Time Appeal," "Motion to Modify Sentence," and "Motion to Remold Sentence."  The trial court denied the motions, and Davis filed this direct appeal.

Because Davis has already had a direct appeal, he cannot appeal from the trial court's denial of his motion for out of time appeal.  See *Richards v. State*, 275 Ga 190 (563 SE2d 856) (2002).

Davis also cannot appeal from the trial court's denial of his challenges to his allegedly void sentence.  A direct appeal lies from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Here, Davis does not contend that his sentences fall outside the statutory range.  Instead, he challenges a jury instruction and the correctness of the trial transcript.  Because these challenges attack the procedures employed in imposing the sentence, they are not valid void-sentence arguments.  See *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).  Davis also contends that he should be resentenced because his indictment was fatally defective.  Again, this is not a valid void-sentence argument.  See *Shelton v. State*, 307 Ga. App. 599, 603 (3) (b) (705 SE2d 699)

(2011).

Under these circumstances, we lack jurisdiction to review the trial court's order. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 06/28/2013
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*