A09A1494. CLARK v. THE STATE.
(684 SE2d 305)

BARNES, Judge.

Following the denial of his motion for new trial, Marcus Clark appeals his felony conviction for involuntary manslaughter, contending that the trial court misled the jury in responding to the question of whether involuntary manslaughter is a felony or a misdemeanor. Finding no reversible error, we affirm the trial court's judgment.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). Viewed in this light the evidence shows that on the evening of October 16, 2002, Clark, the victim Derez Nelson and another friend were cleaning the daycare where Clark worked as a janitor and after-school teacher. The men were apparently friends and had gone out earlier to celebrate one of the men's birthdays before returning to the daycare. While they were cleaning, Clark and the victim got into an argument about cleaning the facility. The other friend testified that he was buffing the floor while the men argued, but that it did not appear serious. He further testified that Clark pointed a gun at him first, and when he told Clark to get the gun off him, Clark turned toward the victim and the gun "went off." The victim was killed by a gunshot to the head.

On appeal, Clark's sole enumeration of error is that the trial court erred in entering a felony sentence against him, arguing that the trial court's response, or rather non-response, to a jury question led the jury to believe that involuntary manslaughter was a misdemeanor, and thus, he should have been sentenced to misdemeanor manslaughter, rather than felony manslaughter.

Clark was charged with malice murder, felony murder, two counts of aggravated assault, and possession of a firearm during the commission of a felony. The trial court, per Clark's request, also charged the jury on involuntary manslaughter as a lesser included

offense of malice murder and felony murder. During its deliberations, the jury asked the judge "is involuntary manslaughter a felony?" The judge prepared a written answer which both the State and Clark approved before it was given to the jury. She responded:

> The rule is we cannot answer this question. However, if your question is raised in reference to Count 5 (possession of a firearm during a *"felony"*) your question can be addressed, if necessary, when (and if) you reach a verdict in this case. If necessary, I can instruct you further as to Count 5 at that time.

The jury thereafter returned a verdict of guilty of involuntary manslaughter as a lesser included offense of the murder charges, and not guilty as to the aggravated assault and possession of a firearm during the commission of a felony charges.

Here, because Clark's counsel did not object to the statement, but instead explicitly approved the trial court's response, Clark has waived his right to appeal on the issue. *Hunter v. State,* 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991). On appeal, "[o]ne cannot complain of a result he procured or aided in causing." *Sanders v. State*, 212 Ga. App. 832, 833 (4) (442 SE2d 923) (1994).

Accordingly, Clark's claim on this ground is meritless.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED SEPTEMBER 21, 2009.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.