## A11A0587. JENKINS v. THE STATE.
### (714 SE2d 410)

DOYLE, Judge.

Following a jury trial, Minion Jenkins was convicted of misdemeanor obstruction of a law enforcement officer.[1] Jenkins appeals, challenging the sufficiency of the evidence. We affirm, for the reasons that follow.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[2]

So viewed, the record shows that on December 12, 2009, at approximately 9:00 a.m., a Henry County police officer responded to a residence to investigate a report of an incident involving Jenkins. When the officer arrived, Jenkins was no longer present at the scene, and the officer departed. The officer later returned to the residence at 11:45 a.m. after being advised that Jenkins was on his way back. When the officer observed Jenkins's vehicle enter the neighborhood, the officer, who was driving a marked police vehicle, executed a traffic stop and asked Jenkins to proceed to the residence. There, the officer spoke to Jenkins briefly and, based on their conversation, advised Jenkins that he intended to place him under arrest for offenses arising out of the earlier incident. The officer was unable to handcuff Jenkins because Jenkins immediately backed away, crying and saying he did not want to go to jail. Although the officer instructed him to stop, Jenkins ran, circled the house, and returned to the front porch of the residence, where he argued with the occupant. The officer gave chase and further ordered Jenkins to stop and get on the ground. When Jenkins failed to comply, the officer again ordered Jenkins to the ground and warned him that he would "tase" him if he refused to do so. Jenkins finally complied, and the officer placed him in handcuffs.

---

[1] OCGA § 16-10-24 (a).

[2] (Punctuation omitted.) *Frazier v. State*, 305 Ga. App. 274 (699 SE2d 747) (2010).

In an initial accusation, the State charged Jenkins with obstruction of a police officer, family violence battery, and family violence simple battery; the battery counts list the victim as "the other parent of [Jenkins's] child." The State subsequently filed an amended accusation, charging Jenkins only with obstruction, and entered a nolle prosequi for the battery charges. Immediately prior to trial, defense counsel made a verbal motion in limine "to exclude any mention of the nature of the . . . original charges that the arrest was for since that's no longer an issue for the jury in this case," arguing that "we don't want the jury to hold anything about this previous inciden[t] against Mr. Jenkins." Following a lengthy colloquy, the trial court granted the motion. The jury found Jenkins guilty, and Jenkins appeals, challenging the sufficiency of the evidence.

A person commits the offense of misdemeanor obstruction of a law enforcement officer when he "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties. . . ." Here, the evidence shows that after the officer advised Jenkins that he was under arrest, Jenkins resisted the officer's attempts to handcuff him, ran from him, and failed to comply with the officer's commands to stop. "The question [of] whether [Jenkins's] refusal to obey the police officer's commands had the effect of hindering or obstructing the officer was for the trier of fact to decide."[3] Given the evidence submitted at trial, we find no merit in Jenkins's argument on appeal that his actions did not have the effect of obstructing the officer.[4]

To the extent that Jenkins challenges the sufficiency of the evidence on the basis that the officer was not engaged in the lawful discharge of his duties, Jenkins has abandoned this claim of error by failing to support it with argument or citation of authority.[5] Pretermitting his abandonment, however, we conclude that Jenkins waived this argument at trial.

---

[3] (Punctuation omitted.) *Mayhew v. State*, 299 Ga. App. 313, 317 (1) (b) (682 SE2d 594) (2009).

[4] See OCGA § 16-10-24 (a). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Mayhew*, 299 Ga. App. at 317 (1) (b).

[5] See Court of Appeals Rule 25 (c) (2); *Jackson v. State*, 309 Ga. App. 796, 800 (2) (714 SE2d 584) (2011). Although Jenkins challenges the sufficiency of the evidence on appeal, he makes no specific argument in his appellate brief regarding the officer's purported lack of probable cause to arrest him. In a single sentence, Jenkins states that "[t]he 'knowingly and willfully' requirement in the statute dictates that the State must prove that the Appellant undertook a deliberate course of conduct specifically intended to obstruct an officer in the lawful discharge of his duties." Jenkins's entire argument, however, focuses on whether he failed to comply with the officer's directions and, if so, whether his obstruction was knowing and wilful. At no point does Jenkins point to a lack of evidence that the officer was not in the lawful discharge of his duties and/or argue that he lacked probable cause to arrest Jenkins.

Defense counsel specifically requested that the trial court exclude any evidence regarding the domestic violence battery charges. When the prosecutor stated that the evidence should not be excluded if the defense intended to challenge the merits of the arrest itself, Jenkins's trial counsel responded, "we haven't necessarily made that decision yet, your Honor. . . ." The trial court then excluded any evidence of the battery charges, but noted that "either it's all in or it's all out. . . . [I]f it gets in it's all going in. If anybody messes up and it gets in, it's all going in."

Notwithstanding his previous apparent uncertainty regarding whether he intended to challenge the merits of the family violence battery arrests, defense counsel advised the jury during opening statements:

> [The prosecutor] and I agree about almost everything that happened. We agree . . . that [the officer] was at this location and he was there — he was going to arrest Mr. Jenkins. *We're not here today about why he was going to arrest him.* We're here about what happened with the arrest. *That's the only concern for you all today.*[6]

Then, during closing argument, Jenkins's trial counsel informed the jury that

> *I don't believe there's going to be any disputes in this situation [that] the officer's commands were legitimate. I don't think that's going to be where the issue is. I don't think there's any commands there that were illegitimate. So the pullover, yes, if you're going to arrest someone you're allowed to tell them to pull over. That's legitimate. . . .*[7]

Instead, defense counsel argued that Jenkins did not run from the officer, but merely backed away from the officer *before* he was advised that he was under arrest, and that Jenkins lacked the requisite intent to obstruct because the officer did not give him a reason for the arrest.

Defense counsel's comments during opening and closing statements clearly led the trial court and the State to believe that Jenkins was conceding that the officer's arrest was "legitimate."[8] Moreover,

---

[6] (Emphasis supplied.)

[7] (Emphasis supplied.)

[8] If the trial court had not concluded that the motion in limine and its ruling thereon effectuated a stipulation from Jenkins that the officer was in the lawful discharge of his duties, there would have been no need for a trial because the State would have been unable to prove

defense counsel took no affirmative action following the trial court's ruling on his motion in limine to suggest that Jenkins was contesting the lawfulness of his arrest.[9] Under these circumstances, Jenkins has waived his right to challenge the sufficiency of the evidence regarding whether the officer was in the lawful discharge of his official duties.[10]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JULY 13, 2011.

*E. Suzanne Whitaker*, for appellant.
*Charles A. Spahos, Solicitor-General, Joseph L. Stone, Assistant Solicitor-General*, for appellee.

---

that element of the obstruction charge.

[9] For example, Jenkins did not move for a dismissal of the charges against him following the grant of his motion, nor did he move for a directed verdict after the State rested. Of course, a "defendant may challenge the sufficiency of the evidence by appealing the denial of his motion for new trial, even though he did not invoke such a ruling from the court at trial." *Jones v. State*, 219 Ga. App. 780 (1) (466 SE2d 667) (1996). Nevertheless, defense counsel's failure to make a motion for directed verdict or take any further affirmative action to indicate that he was contesting the lawfulness of the officer's actions further supports the determination that Jenkins stipulated thereto.

[10] See *Scott v. State*, 201 Ga. App. 162, 163 (1) (410 SE2d 362) (1991) (holding that the defendant "waived his right to challenge the sufficiency of the evidence of the elements of the crimes charged" by his comments to the court and the prosecutor). See also *Clark v. State*, 300 Ga. App. 135, 136 (684 SE2d 305) (2009) ("On appeal, one cannot complain of a result he procured or aided in causing.") (punctuation omitted); *Sanders v. State*, 252 Ga. App. 609, 613 (2) (556 SE2d 505) (2001) (" 'Parties may agree to stipulate to facts in criminal and civil cases.' ").